WILLIAM A. PATRICK, ET AL., APPELLANT, VS. HUGH A.
YOUNG, APPELLEE.

1. A bill of exceptions containing the evidence as given is the proper
   method by which the testimony upon a trial is brought to this
   court. Affidavits of persons present at the trial and of jurors in
   the case as to what a witness stated, although embraced in a bill
   of exceptions, cannot be here considered.

2. Where the "property in question" in an action of ejectment, as
   shown by the declaration, is a named lot in a city, a verdict that
   "we the jury find the defendant guilty of improperly withholding
   the property in question and find for plaintiff damages to amount
   of four hundred and thirty dollars," is sufficiently certain.

Appeal from the Circuit Court for Duval county.
The facts are stated in the opinion.

*T. A. McDonell* for Appellant.

*A. A. Knight* for Appellee.

MR. JUSTICE WESTCOTT delivered the opinion of the
court.

This was an action of ejectment brought in the Circuit
Court of the State of Florida for the Fourth Judicial Cir-
cuit in Duval county. The general issue was pleaded.
After trial and verdict for the respondent Young, who was
the plaintiff below, defendants moved for a new trial, which
being denied, after judgment, this appeal was prosecuted.

The grounds upon which a reversal is sought are two :

First. Because the plaintiff failed to prove possession in
either of the defendants.

Second. Because the verdict rendered was so vague, un-
certain and indefinite that judgment should not have been
entered thereon.

We do not deem it necessary to discuss in this case the
question whether, to entitle the plaintiff to recover in eject-

ment, the proof should show the defendant to be in possession. Upon the motion for new trial the court held that possession in the defendant was established by the proof. The evidence taken at the trial is not in this record. There is no bill of exceptions purporting to contain the testimony of the witnesses. There is a bill of exceptions containing affidavits of several persons stating that they were present at the trial, that they heard the testimony and giving their views as to whether possession in the defendant was established.

We have first the affidavit of T. A. McDonell and M. C. Jordan that they were present at the trial, that they paid special attention to the testimony, and that plaintiff did not prove possession in defendants. Next we have the affidavit of the foreman of the jury rendering the verdict, who states that the evidence was that the daughter of one of the defendants was in possession, her father living on the premises ; that there was no evidence that the daughter held under the father, and there was no testimony showing that either of the defendants was controlling or managing the premises. Next we have an affidavit of F. F. L'Engle, who swears that he was a witness for the plaintiff in this suit, and that he testified that for some years past, and at the date of the sheriff's return upon the summons in this suit, and at the time of the trial, the defendant, William H. Kendrick, was in possession of the premises in controversy, and that his daughter was, and had been for some years, residing on the premises as a member of her father's family. We have next the affidavit of Fred. Bettilini, who swears that the witness, L'Engle, testified that Kendrick was in possession. To the same effect follows an affidavit of plaintiff's attorneys, as well as an affidavit of J. W. Archibald, another attorney.

As to the affidavits of the jurors, in so far as they im-

peach the verdict in this case, they cannot be considered. The record of a verdict implies a unanimous consent of the jury, and is conclusive evidence of that fact. 16 Fla., 395. Independent of this, however, even if the affidavits of all these parties are considered, we cannot see how we can disturb the action of the court. There is no bill of exceptions containing the testimony, and the affidavits, considering all of them, are certainly as much in favor of the verdict as against it. By treating this case in this manner we do not intend to sanction this method of showing to this court what was the testimony of a witness before the jury. The only proper method of doing this is to embrace the testimony itself in a bill of exceptions. What we here say is, that upon the record, improperly prepared though it may be, we see no cause for a reversal of the judgment of the Circuit Court on the ground that possession in the defendant was not proved.

The verdict in this case was, " We, the jury, find the defendant guilty of improperly withholding the property in question, and find for plaintiff damages to amount of four hundred and thirty dollars." It is assigned for error that this verdict cannot be sustained for want of certainty.

Ejectment was originally an action whereby a person ousted or removed from an estate for years might recover possession, but by means of a series of fictions it has long been used for trying disputed titles to corporeal hereditaments and possessory titles to real estate.

In many of the States the statutes very properly require the verdict to set out the metes and bounds of the estate recovered, as well as the nature of the title found to be in the plaintiff. In this State we have no such legislation—[Chapter 3244 of Laws of Florida, approved after this decision, McC.'s Digest, 481, requires the verdict and judgment to state the quantity of plaintiff's estate, and to de-

scribe the land. It also enacts that the plea of *not guilty* shall be held to admit defendant's possession, or in case of an adverse claimant, the adverse claim of defendant, and that a defendant must plead adverse claim or denial of possession specially—REPORTER] — and we must determine the sufficiency of this verdict by reference to the general principles of law controlling the subject, premising what we have to say with the remark, that we do not see that this record raises the question as the matter is not made the ground for any motion, nor do we see that it was in any way called to the attention of the court. 48 Ill., 53.

In ejectment, as in other actions, objections to the form of verdicts are not encouraged. Whenever the verdict is sufficiently certain to enable a court to give judgment and the sheriff to deliver possession, it will not be disturbed; and this certainty may be in the verdict itself, or by a reference to something of a permanent and public nature. This is the rule announced by the Supreme Court of Pennsylvania in the case of Bagey vs. Detroisler, 35 Penn. State, 413. See to the same point 14 John., 86 ; 2 Burr., 698. Lord Mansfield, in 2 Burr., 698, says : " The principle is true and just that where the intention is manifest and beyond doubt, the court will set right matters of form." Recollecting that ejectment is primarily a possessory action, we cannot say that the term " withholding " is inappropriate to a verdict in that action ; indeed, in ejectment under some of the statutes, this term is used as the proper expression in which to frame the verdict. Such is the case in the State of Alabama. Olive vs. Adams, 50 Ala., 374. See also 9 Mich., 544.

In this case the land in question was lot number 25 in the town of La Villa, and we see no difficulty in the court awarding a writ of possession, or in the delivery of possession by the sheriff:

The judgment is affirmed.