L. B. J. FOREMAN, W. E. FOREMAN AND STANLEY W. LONGMIRE, *Plaintiffs in Error,* v. EARLIE ABBOTT, *Defendant in Error.*

Division B.

Opinion Filed February 24, 1928.

Petition for Rehearing Denied March 26, 1928.

*Burkett & Fish, F. W. Dart, O. K. Reeves* and *King & Barringer,* Attorneys for Plaintiffs in Error;

*E. B. Drumwright* and *Randolph Calhoun,* Attorneys for Defendant in Error.

BUFORD, J.—Earlie Abbott brought an action of ejectment against the plaintiffs in error, defendants in the court below, to recover an undivided one-half interest in certain lands described in the declaration. Trial was had on two pleas of, first, "disclaimer," and second, "not guilty." When the plaintiff had introduced all his evidence and rested his case there was a motion by defendants for an instructed verdict. The motion was denied, exception was noted and then the defendant proceeded to put on testimony.

If the defendant had stood on his motion for a directed verdict and the trial had resulted in a judgment against him, it may be that he would have presented a different case to this Court than that which is now disclosed by the record.

To maintain ejectment, title in the plaintiff must be deraigned from the sovereignty or from a grantor in possession or from a source common to that under which defendant claims title.

Molly Abbott died intestate, leaving surviving her the plaintiff, Earlie Abbott, and her husband John B. or John D. Abbott. The husband conveyed his undivided one-half interest in the lands involved in this suit to the predecessor in title of the defendants.

It appears from the record that the husband may have also attempted to convey the other one-half interest in the property.

Earlie Abbott was an infant at the time of his mother's death and the record shows that he was never divested of the interest in the lands which he inherited from his mother. We may assume from the contents of the record that Molly Abbott was in possession of the lands at the time of her death, using them for such a home as she maintained, but that she was temporarily away from the land, it having become necessary for her to leave the property temporarily on account of the condition of her health and that she died before recovering sufficiently to return to that place.

Whether or not this is the true state of facts becomes immaterial when we find that the defendant is claiming title and right of possession under conveyances deraigned from the heir of Molly Abbott while the plaintiff claims an undivided one-half interest in the property as an heir of Molly Abbott.

Neither party in an action of ejectment can deny the title under which he claims and therefore, where both parties assert title from a common source the plaintiff is not required to go back of the common source, but it is sufficient if he shows a better title than the defendant through that source. Doyle v. Wade, 23 Fla. 90, 1 So. 516; 11 Am. St. Rep. 334; Rhodus v. Hefferman, 47 Fla. 206, 36 Sou. 572. See also Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 Sou. 722.

It is true that the plaintiff in ejectment must recover upon the strength of his own title and not upon the weakness of his adversary's title, but it is immaterial whether the strength of his title be shown in proof submitted by the plaintiff or in proof submitted by the defendant. The defendant attempted to show that the interest in the property of the plaintiff, Earlie Abbott, had passed by mesne conveyances from John B. Abbott as his guardian to the defendants. The proffered evidence to support this theory

was properly rejected because there was no showing that there had ever been an attempted conveyance of the interest of Earlie Abbott and it also failed to show that any person had ever made a sale or a conveyance of any part of the property as guardian of Earlie Abbott. The evidence tended to show that there was an attempted conveyance by guardian's deed of the interest of one John Lee Abbott, but it is not shown that the infant John L. Abbott ever acquired any interest in the property. The record further shows that Earlie Abbott was the only surviving child of Molly Abbott and that he had never been known by any other name than the name "Earlie Abbott."

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.