J. WISMER, *Plaintiff in Error,* v. W. S. ALYEA, *Defendant in Error.*

138 So. 763.

En Banc.

Opinion filed January 6, 1932.

*Archie Clements* for Plaintiff in Error;

*Hampton & Greene,* for Defendant in Error.

ANDREWS, Commissioner.—This case is here upon writ of error to the Circuit Court of Citrus County and is based upon a judgment rendered upon a verdict in an ejectment suit in favor of plaintiff, W. S. Alyea which also found damages for mesne profits in the amount of $550.00.

The declaration is couched in the statutory form and a plea of "not guilty" was entered by defendant which plea, under Section 5044, C. G. L. 1927, puts in issue the title of said lands in controversy and admits possession. Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350.

Briefly stated the plaintiff Alyea and a person named Darby contracted to sell to defendant Wismer a described forty of land for $2,000.00 and $50.00 was paid in cash upon delivery of the contract and Wismer went into immediate possession about May 6, 1925. The contract of sale provides that $950.00 shall be paid upon receipt of

warranty deed and an abstract brought to date, and the remaining $1,000.00 to be paid with interest one year from receipt of said warranty deed conveying a fee simple title clear of all incumbrances. It does not appear that further payments were made on the contract, nor that a deed conveying a fee simple title was tendered by complainant until August 22, 1928, in reply to a letter from Wismer stating that he was ready to close the deal.

It appears that on September 20, 1927, an action for ejectment was brought against Wismer by the heirs of a party named Hayes whose real name was Clark and claimed record title to the property. It is shown that Wismer by his answer to the interrogatories in that suit admitted most of the essentials necessary to eject himself. It also appears that no notice was given to Alyea of the pending of that suit either by Wismer or the parties to that suit, which suit resulted in a judgment in favor of the Clark heirs.

Wismer claims to have gone into immediate possession under the Clark heirs. A record of the former suit introduced in evidence shows that the former suit was tried before a Referee and was filed on September 20, 1927, and that judgment was entered on October 17, 1928.

It appears that on August 20, 1928, while that suit was pending (in which Wismer was the defendant) that Wismer wrote Alyea and offered to pay the whole amount due ($1,950.00) to which Alyea's attorney replied on August 22, 1928, stating that Wismer had forfeited all rights to his contract of purchase but that if he would pay the $1,950.00 with interest on or before September 5, 1928, that Alyea would deed him the property and if there should be any defect pointed out in the title that he would personally guarantee to quiet the title without expense.

We might state here that there are a number of irregularities shown in the trial of this case which are ap-

parent in the transcript; in fact, the transcript itself is also prepared in a very unsatisfactory manner.

The main and about the only proof that plaintiff had title to the property was his testimony that he had a "warranty deed from Rooks"; that he "knew the property when Mr. Rooks and Mr. Hampton lived" on it, and that the property was "being used by myself and Mr. Darby at the time we made the contract with Mr. Wismer" who continued in possession.

This court has held that it is extremely doubtful whether testimony in haec verba that a party is "in possession" of lands is of any weight, as possession may often be a matter of opinion; and that in proving possession of land, the facts should be shown which in law constitutes possession. Hall v. Florida State Drainage Land Co., 89 Fla. 312, 103 So. 828; Horton v. Smith-Richardson Co., 81 Fla. 255, 87 So. 905.

The testimony of plaintiff that "the property was being used by myself and Mr. Darby" would hardly be sufficient; and Mr. Rooks could have "lived on the property" without owning or being in legal possession of it. The defendant offered no testimony on that or any other issue in the case. This issue should have been clearly covered by competent testimony and not left to implication.

The general rule in this State is that to maintain ejectment title in the plaintiff must be deraigned from the sovereignty, "or from a *grantor in possession*". Foreman v. Abbott, 95 Fla. 370, 116 So. 1. It has also been held that a plaintiff may recover without title on proof of prior possession or of grant from grantor in possession (Scott v. Fairlee, 81 Fla. 438, 89 So. 128), and even a prior possession or occupancy without title gives enforceable possession right against one having no better title or right. Farrington v. Greer, 94 Fla. 457, 113 So. 722.

In the instant case the defendant Wismer was put into possession under a contract of purchase, and this court

has held that ejectment lies by a vendor against a vendee in possession under an executory contract in default only after notice of rescission and reasonable time for performance. `South Florida Farms Co. v. Hall, 84 Fla. 233, 93 So. 687.

The heretofore mentioned letter of Wismer introduced in evidence, dated November 5, 1928, to Alyea states that he was advising that on October 17, 1928, he was "put out of possession" of the property under a writ of possession issued pursuant to an action brought by the heirs of E. R. Clark and that after being put out of possession he had rented the property from the heirs of Clark and had held the property under said parties as their tenant since October 17, 1928, and that he did not now claim or hold possession under the contract made with Alyea and Darby.

The above would of course constitute a repudiation of the said contract of purchase and thus furnish a basis for bringing ejectment proceedings against Wismer, if under all the circumstances Alyea is entitled to possession.

It should here be noted that the evidence shows that the interest of Darby was conveyed to Mrs. Alyea, wife of the plaintiff, and that she died intestate before the instant suit was filed and that plaintiff is her only heir.

It was not error to admit in evidence the certified copy of the deed from Darby to Mrs. Alyea, which is one of the issues raised on this appeal, as the evidence shows that the deed had been filed in the former ejectment case and was therefore in the custody of the court and not the plaintiff, though it should have been filed in evidence, but the failure should not constitute reversible error as the files of that suit were introduced in evidence by plaintiff later on.

Under the declaration and plea in this case "mesne profits" could be awarded by the verdict only from the date of the repudiation of the contract of purchase by

Wismer on October 17, 1928, to the date of the verdict on April 26, 1929. The only evidence as to any ''profits'' expressed as ''rent value'' of the land was the testimony of Alyea who stated that it was worth $300.00 per year; therefore the mesne profits from the land would be for about six months and ten days—about $150.00. The declaration alleges a yearly value of $500.00. The jury rendered a verdict ''for mesne profits at $550.00.'' There is no evidence to sustain that portion of the verdict for ''mesne profits'' in an amount over $158.00. ''Mesne profits'' are defined as the pecuniary *benefits* which one who dispossesses the true owner receives between disseisin and the restoration of possession of the premises. 19 C. J. 1233 Sec. 358; Black's Law Dictionary.

It is observed that the plaintiff in his declaration alleges and claims, in addition to mesne profits, general damages of $2,500.00 and the only testimony upon that issue is that Wismer removed buildings from the property to the value of $400.00. The defendant raises the point that the verdict, also judgment, is defective if it includes any amount for damages for removal of buildings because Section 4225 C. G. L. 1927, provides that replevin and *ejectment* shall not be joined together ''nor with any other causes of action.''

Mr. Justice Cockrell, in discussing this same point in the case of Norman v. Beckman, 58 Fla. 325, 50 So. 876, wherein the declaration specifically asked for damages for waste and dilapidation, stated that the ruling in the former case of Ashmead v. Wilson, 22 Fla. 255, had been adhered to for many years, wherein it was stated that the object of the statute (Sec. 5044 C. G. L. 1927) was to do away with the necessity of bringing two separate actions (as at common law) and to provide for a final settlement, both as to the land and damages for detention thereof in one action, and that when a declaration alleges damages ''for mesne profits'' that ''damages for waste

and dilapidation could be recovered," and that while Section 4225 C. G. L. 1927, forbids the joinder of the action of ejectment with any other cause of action, and Section 5044, C. G. L. 1927, providing the form of declaration in ejectment, that the applicability of the former statute "will be governed by what the statutory action of ejectment includes within itself." Under proper allegations in his declaration a plaintiff may recover not only the mesne profits but also damages for waste and injuries to the freehold, the measure of which is the diminished value of the land. 19 C. J. 1243, Sec. 380; Norman v. Beekman, supra; Ashmead v. Wilson, supra.

As Justice Cockrell stated, the decision "is in line with modern tendencies toward simplification of the practice" and a "settlement of the whole controversy in one action."

The statute for example provides that a declaration in ejectment "shall only contain a plain statement of the cause of action to entitle the plaintiff to recover the land in controversy, together with mesne profits." The words "shall *only* contain" appear to modify the "statement of the cause of action" to entitle the plaintiff "to recover the land", and not the phrase "together with mesne profits" which is merely incidental to the suit. This construction would likewise apply to the prescribed form for declarations in the statute which uses only the word "profits".

It is observed that the verdict finds damages for "mesne profits" which technically speaking would not include damages for "waste or dilapidation." The general rule is that "a verdict is the determination of a jury upon testimony submitted to them and should be construed with reference to the issues made by the pleadings." Goodno v. South Fla. Farms Co., 95 Fla. 90, 116 So. 23. In the ejectment case of Patrick v. Young, 18 Fla. 50, it was held on the question of damages that a

verdict which found "for plaintiff damages to the amount of $430." is sufficiently certain. It did not mention mesne profits.

If we add to the proven "mesne profits" of about $150.00 for the six months of unlawful possession, the $400.00 damages for waste in removing building, it would total about $550.00, which is the amount named in the verdict.

While there are many irregularities and omissions in practically every step in the proceedings yet we cannot say that any of the fundamental rules of law have been violated, and it appearing that substantial justice has been done we feel a reluctance to reverse the cause. We have not undertaken in reviewing this case to pass upon the validity of the ejectment proceedings, Clark v. Wismer, record of which was introduced in evidence by plaintiff in the instance case.

Finding no reversible error the judgment of the trial court is affirmed.

PER CURIAM.—The record in this case having been considered by the Court, and the foregoing opinion prepared under chapter 14553, Acts of 1929, Ex. Sess., adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the judgment of the Court below be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.