362 So.2d 85 (1978)
Charles Ray TIDWELL, Sr., As Natural Father and Guardian of Charles Ray Tidwell, Jr., a Minor, and Charles Ray Tidwell, Sr., Individually, Appellants,
v.
William H. TOCA, Yolanda Toca, and Allstate Insurance Company, Appellees.
No. 77-2144.
District Court of Appeal of Florida, Third District.
August 15, 1978.
Mark J. Feldman, Miami, for appellants.
Adams & Ward and Ramon E. Rasco, Miami, for appellees.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The plaintiffs suffered a jury verdict against them and appeal the final judgment upon a claim that the jury was inconsistent. The verdict was upon special interrogatories, as follows:
"1. What percentage of negligence, if any, do you find that WILLIAM H. TOCA, was guilty of in causing this accident?
 % 0 
2. What percentage of negligence, if any, do you find that CHARLES RAY *86 TIDWELL, JUNIOR, was guilty of in causing this accident?
 % 100 
3. What is the total amount of damages, if any, that you find CHARLES RAY TIDWELL, JR., has sustained as a direct and proximate result of the accident?
 $4,500.00
4. What is the total amount of damages, if any, you find, that CHARLES RAY TIDWELL, SR. as natural father and guardian of CHARLES RAY TIDWELL, JR. has sustained as a direct and proximate result of the accident?
 $3,500.00
 SO SAY WE ALL"
We hold that the verdict is not inconsistent under the rule stated in Crawford v. DiMicco, 216 So.2d 769 (Fla. 4th DCA 1968). A party may not complain of a verdict form to which he does not object. It is clear that in the instant case, the verdict as submitted permitted a finding of an amount of damages without a finding of liability for the damages.
Appellants' reliance upon this court's decision in Sweeney v. Wiggins, 350 So.2d 536 (Fla. 3d DCA 1977), is misplaced since that case concerned a verdict which was clearly improper and was rejected by the trial court.
Affirmed.