418 So.2d 1233 (1982)
Alfred J. CLOUTIER, Individually and Doing Business As East Side Automotive Repair Center and Donna M. Cloutier, His Wife, Appellants,
v.
CENTRAL CONTRACTING, INC., Appellee.
No. 81-507.
District Court of Appeal of Florida, Fifth District.
September 8, 1982.
R.K. Roberson, of Roberson & Roberson, DeLand, for appellants.
Joe G. Dykes, Jr., of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., DeLand, for appellee.
SHARP, Judge.
Appellants bring a timely appeal from the lower court's final judgment awarding damages to appellee, Central Contracting, Inc. and denying appellants' request for attorney's fees pursuant to section 713.29, Florida Statutes (1979). Central filed a lien foreclosure suit under Chapter 713, and added counts seeking damages for breach of oral contracts and quantum meruit damages for the value of goods or services furnished. The trial court determined that the mechanics lien was not enforceable.[1] The special verdict form, as completed by the jury, read:
SPECIAL VERDICT FORM
1. Did the parties enter into an enforceable contract:
 X _______
 YES NO
2. If so, did Central [appellee] perform in accordance with the contract:
 _______ X
 YES NO
3. If there was no enforcable [sic] contract, did Central [appellee] furnish valuable materials and services for the benefit of East Side [appellants] at its request or with its knowledge and without its objection:
 --- ---
 YES NO
4. Damages of either parties, if any:
 $ 1017.50 $---
 CENTRAL [appellee] EAST SIDE [appellants]
No objection was made to the special verdict form by either party and both parties moved for judgment on the verdict. Appellants argue the trial court's judgment is inconsistent with the special verdict, and we agree.
The jury found that Central did not perform in accordance with the contract, *1234 and it did not find Central was entitled to quantum meruit damages. Although damages for Central were assessed, the jury made no finding on contract or quantum meruit under which they could have been awarded. Appellee argues that the trial judge may correct errors inherent in the jury verdict. Cory v. Greyhound Lines, Inc., 257 So.2d 36 (Fla. 1971). Central did not object to any errors below. The trial court did not expressly find an error in the jury verdict when it awarded damages to Central, and the only apparent possible error is the finding of damages without finding liability. However, a special verdict which finds damages without finding liability is not inconsistent, Tidwell v. Toca, 362 So.2d 85 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1375 (Fla. 1979), and it does not support an award of damages.
Under section 713.29 of the Florida Statutes (1981), the prevailing party in an action to enforce a lien under this chapter may recover attorney's fees. Appellants argue that a defendant prevails under this section by successfully resisting a claim arising from a mechanic's lien,[2] and we agree. Since the court found appellee's lien was unenforceable, appellants successfully resisted the claim and prevailed below. They were entitled to recover attorney's fees under the statute.
We reverse and remand to permit the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] The Court had previously ruled appellants were entitled to $35.00 for negligent damage done to their building by Central Contracting.
[2] Allen v. Scott, 358 So.2d 1112 (Fla. 1st DCA 1978); Dominguez v. Benach, 277 So.2d 567 (Fla. 3d DCA 1973).