538 So.2d 542 (1989)
CONTINENTAL ASSURANCE COMPANY, Appellant,
v.
Benny DAVIS, Appellee.
No. 88-1264.
District Court of Appeal of Florida, First District.
February 17, 1989.
*543 J. Nixon Daniel, III, of Beggs & Lane, Pensacola, for appellant.
Frank E. Bondurant, of Roberts and Bondurant, Marianna, and J. Keith Givens and Allen G. Woodard, of Cherry & Givens, Dothan, Alabama, for appellee.
WIGGINTON, Judge.
Continental Assurance Company brings this appeal from a final judgment entered in favor of plaintiff/appellee Benny Davis in an action claiming fraud. Although Continental raises four points challenging the final judgment, we conclude that our resolution of point one renders moot the remaining issues. Because we find the trial court erred in entering judgment in favor of Davis, we reverse.
At trial, Davis specifically acknowledged that there was no claim of negligent misrepresentation and that the action brought was one for intentional misrepresentation or fraud. He and his wife sought both compensatory and punitive damages, and an interrogatory verdict form prepared by the defendants was submitted to the jury. The jury returned its verdict in which it responded to the first two questions with respect to liability in the negative. That is, the jury specifically concluded that defendant Richard Reynolds, a life insurance sales representative with Continental, did not deliberately and knowingly misrepresent to Davis that he would be purchasing a whole life policy which would be paid in full in four years knowing that the representation to Davis was false when made. The jury similarly answered question two in the negative regarding the liability of defendant Mike Masters, also a Continental life sales representative, finding that he did not make a deliberate and knowing misrepresention to Davis' wife concerning a subsequent replacement policy.
Despite these findings of no liability, the jury nonetheless proceeded to question three, finding that Davis was 40 percent negligent; in question number four, that Davis' wife had not purchased the second insurance policy from Mike Masters as a replacement for the first policy knowing of the alleged fraud in the first transaction; in question number five that the total compensatory damages of appellee were $35,000; and in question number six that the total compensatory damages of Davis' wife were zero. Additionally, the jury found in question number seven that Richard Reynolds acted with malice, moral turpitude, wantonness, willfulness, or reckless indifference to the rights of Davis in the sale of the insurance policy to him and thereafter awarded punitive damages to be assessed against Reynolds of $1,000, and against Continental in the amount of $500,000 for its negligent supervision of Reynolds in the sale of its policies involved in this litigation.
Post-trial motions were filed by defendants requesting the court to enter a judgment in accordance with the jury verdict in their favor. The court entered an order denying same, finding that "the interrogatory verdict form indicates a finding by the jury that the Defendants were liable *544 for fraud." Final judgment was thereafter entered in favor of Davis.
As its first point on appeal, Continental argues that the final judgment is inconsistent with the verdict returned by the jury. Continental notes that the jury was specifically instructed that for Davis to prove fraud, he must establish that Continental made a deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by Davis. See First Interstate Development Corp. v. Ablanedo, 511 So.2d 536 (Fla. 1987). We agree that the final judgment is inconsistent with the verdict returned by the jury. Although a special verdict form which finds damages without finding liability is not inconsistent (where the verdict form appears to direct the jury to find damages notwithstanding its finding of no liability), it does not thereby support an award of damages. Cloutier v. Central Contracting, Inc., 418 So.2d 1233 (Fla. 5th DCA 1982); Tidwell v. Toca, 362 So.2d 85 (Fla. 3d DCA 1978). The cases relied on by Davis to the effect that the trial court simply corrected the verdict, specifically Cory v. Greyhound Lines, Inc., 257 So.2d 36 (Fla. 1971) and Vigilant Insurance Company v. Keiser, 391 So.2d 706 (Fla. 1st DCA 1980), are distinguishable. The supreme court in Cory specifically held that the court can correct verdicts only where it appears that the jury "incorrectly apportioned damages, erroneously transposed the amounts in consolidated action, or made other clerical errors in rendering the verdict... . On the other hand if the verdicts were the result of misconceptions of the jury as to the facts and law involved, or confusion, and do not reflect the true intent of the jury," then the court cannot correct the verdict. 257 So.2d at 40 [emphasis in original]. The latter situation characterizes the instant case.
Turning to the award of punitive damages, we repeat that Davis expressly acknowledged that he was not pursuing a claim of negligent misrepresentation, but only one for fraud, or intentional misrepresentation. Thus, it is clear that absent the jury's finding of liability on the underlying fraud issue, there can be no valid award of punitive damages. See Ault v. Lohr, 538 So.2d 454 (Fla. 1989); Eglin Federal Credit Union v. Curfman, 386 So.2d 860 (Fla. 1st DCA 1980).
Thus, we reverse the final judgment entered in favor of appellee and remand the cause with directions that a final judgment in accordance with the jury verdict be entered in favor of appellant.
WENTWORTH and THOMPSON, JJ., concur.