830 So.2d 241 (2002)
Luiz Carlos OLIVEIRA and Gobair Corporation, Appellants,
v.
ILION TAXI AERO LTDA and Flasa Comercial Atacadista LTDA, Appellees.
No. 4D01-3679.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
*242 Sharon C. Degnan and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellants.
Joel S. Magolnick and Farah J. Martinez of Moscowitz, Moscowitz & Magolnick, P.A., Miami, for appellees.
KLEIN, J.
Defendants Luiz Carlos Oliveira and Gobair Corporation appeal a judgment awarding appellee Ilion Taxi Aero LTDA $100,000 in punitive damages, notwithstanding that the jury found them not liable. The trial court ruled that the defendants' failure to object when the jury returned the verdict was a waiver and entered judgment on the verdict. We reverse.
As a result of a transaction involving an airplane owned by Ilion which was transferred to Flasa, Ilion sued Oliveira and Gobair for fraud. In addition, Flasa sued Oliveira and Gobair for conversion. In the trial of these claims, the jury found no fraud by Oliveira or Gobair as to Ilion. The jury did find Oliveira and Gobair guilty of conversion of property belonging to Flasa and awarded compensatory damages to Flasa of $202,481.
After the item on the jury verdict form allowing for the award of compensatory damages for conversion, there was a place for the jury to award punitive damages to Ilion and the jury awarded $100,000. After that there was a place for the jury to award punitive damages to Flasa and the jury awarded zero damages but with the notation: ("awarded to Ilion").
It does not appear from the record that when the jury returned this verdict anyone noticed that the punitive damage award against Oliveira and Gobair was not supported by a finding of liability.
On post-trial motions defendants asserted that no judgment could be entered for punitive damages but, finding a waiver because of the defendants' failure to object before the jury was discharged, the court entered judgment for $100,000 as punitive damages in favor of Ilion. Defendants of course argue that a judgment awarding punitive damages based on a verdict of no liability is error as a matter of law.
On all fours is Continental Assurance Co. v. Davis, 538 So.2d 542, 544 (Fla. 1st DCA 1989), in which a punitive damage award was made with a finding of no liability, and the appellate court reversed the judgment for damages stating "absent the jury's finding of liability on the underlying fraud issue, there can be no valid award of punitive damages." In Davis, the court concluded that the verdict was not inconsistent, but rather simply did not support an award of damages. See also Cloutier v. Central Contracting, Inc., 418 So.2d 1233 (Fla. 5th DCA 1982)(a verdict finding damages without finding liability cannot support an award of damages); Ault v. Lohr, 538 So.2d 454 (Fla.1989)(same).
In both Davis and Cloutier, the courts held that a verdict of no liability which awards damages is not an inconsistent verdict in the sense that an objection must be raised by the defendant when the jury returns the verdict. Those cases stand for the proposition, as does Ault, that as a matter of law a judgment for damages cannot be entered where there is no finding of liability. In light of this well-established law, defense counsel would have no reason to object to this verdict before the jury was discharged. Cowen v. Thornton, 621 So.2d 684, 688 (Fla. 2d DCA 1993)(Altenbernd, J., concurring).
Although this jury apparently intended that Ilion recover punitive damages, we are not sympathetic to him because, as plaintiff, it was in his best interest to make sure that any award of damages would be sustainable on appeal. Ilion apparently agreed to this verdict form in which the *243 jury was given an opportunity to award punitive damages even though it found defendants not liable. This verdict should have been prepared so that the jury, if it determined a defendant was not liable, could not award either compensatory or punitive damages. If such a verdict form had been used the jury would have understood it could only award punitive damages against defendant Flasa, who was found liable.
In addition, although the defendant was under no duty to object to this verdict, plaintiff could have attempted to have this obvious error corrected before the jury was discharged. On the other hand, plaintiff may have kept silent in the hopes that the verdict would survive post-trial and appellate review or because he did not want to take any chances that the compensatory damage verdict would be reconsidered. See Keller Indus. v. Morgart, 412 So.2d 950, 951 (Fla. 5th DCA 1982)("For all we know, defendant's trial counsel intentionally, for tactical reasons, chose not to bring the [verdict] problem to the court's attention").
The judgment for punitive damages is reversed.
GROSS and TAYLOR, JJ., concur.