11 So.3d 388 (2009)
Robert W. LATNER and Linda P. Latner, Appellants,
v.
PREUSLER & ASSOCIATES, INC., etc., Appellee.
No. 5D08-1780.
District Court of Appeal of Florida, Fifth District.
March 13, 2009.
Rehearing Denied April 13, 2009.
*389 S. LaRue Williams and Drew Williams of Kinsey, Vincent, Pyle, P.L., Daytona Beach, for Appellants.
Kevin K. Dixon of Kevin K. Dixon, P.A., Inverness, for Appellee.
TORPY, J.
The central issue in this construction contract dispute is whether the lower court erred in its interpretation of the jury verdict by entering judgment in favor of Appellee, the contractor, even though the jury awarded no damages. We reverse.
Appellants contracted with Appellee to perform repairs to their house after it sustained hurricane damage. During the performance of the work, a dispute arose and Appellants terminated the contract before it was completed. Appellee recorded a construction lien and sued to foreclose it in a two-count complaint alleging breach of contract and lien foreclosure. Appellants counterclaimed seeking damages for a fraudulent lien and breach of contract. The case proceeded to jury trial culminating in a special interrogatory verdict, the form of which was presented to the jury without objection. During deliberations, the jury asked, "If we were to award for damages under breach of contract, paragraph two, and we award the lien, does that double the amount to [Appellee]?" After discussion with counsel, the judge decided to respond by writing, "No."[1]
Although the jury concluded that Appellants had breached the contract, it awarded zero damages. The jury also concluded that the lien was not fraudulent, but made no award on the lien foreclosure count because the verdict form was devoid of any questions on that claim. The signed verdict stated:
1. Who do you find, by the greater weight of the evidence, breached the contract? (check one)
 &check; (a) DEFENDANTS/COUNTERCLAIMANTS
 LATNERS
 ____ (b) PLAINTIFF/COUNTERDEFENDANT
 RESTORATION
If you checked (a) DEFENDANTS/LATNERS, then you should complete number 2 below. If you checked (b) PLAINTIFF RESTORATION, you should skip Number 2 and go to Number 3 below.
2. What is the amount of money damages which RESTORATION sustained as a result of the breach of contract by LATNERS?
$ 0
 ---
3. We find that Plaintiff/Counterdefendant RESTORATION breached the contract but is entitled to a set-off in the amount of:
$____
4. Do you find, by the greater weight of the evidence, RESTORATION's Claim of Lien included claims of labor or services not performed or materials not furnished?
Yes____ No &check;

*390 If you answered "No", your verdict is for RESTORATION on this issue. If your answer is "Yes", proceed to question Number 5.
5. Did RESTORATION (a) exaggerate the amount of its claim of lien, or (b) include non-lienable items, or (c) untimely file its claim of lien?
Yes____ No____
If you answered "No", your verdict on this issue is for RESTORATION. Please skip the next question and to [sic] the bottom of the Verdict Form and date and sign the form. If your answer is "Yes", your verdict on this issue is for LATNERS and you should proceed to question 6.
6. If there was no good faith dispute, should LATNERS be awarded punitive damages against RESTORATION because of either (or all) of the following:
(a) The lien amount was compiled with such willful and gross negligence as to amount to a willful exaggeration as to the Lien
(b) included non-lienable items; or
(c) untimely filed
 Yes ____ No ____
If you [sic] answer is "NO", your verdict on this issue is for RESTORATION. If your answer is "Yes", go to the next question Number 7.
7. How much should LATNERS receive in punitive damages from RESTORATION?

 Amount of Claim of Lien Filed: $55,163.82
 Amount of Lien that should have
 been filed __________
 Difference: $

Please sign and date the verdict form and return it to the courtroom.
When the jury returned the verdict, neither party objected or sought clarification. Subsequently, Appellants filed motions seeking entry of judgment or, alternatively, a new trial. Appellee filed no challenge to the verdict but sought judgment based on the verdict. The trial court concluded that the jury's verdict was for Appellee on its lien foreclosure count and entered judgment for the full amount of the lien. It reasoned, "[T]he only figure in this verdict form, which both of you agreed to, which sets forth the claim of lien was 55, and the jury did not see fit to reduce that, so in my opinion that becomes the finding that the claim of lien is in that amount."[2] Accordingly, it denied Appellants' post-trial motions and this appeal ensued.
We conclude that, based on the verdict and the lack of objection at the time the verdict was returned, the trial court had no alternative but to enter judgment for Appellants. As for the breach of contract claim, the verdict was inconsistent because it resolved the liability issue in favor of Appellee but awarded no damages. See MSM Golf, L.L.C. v. Newgent, 853 So.2d 1086, 1087 (Fla. 5th DCA 2003) (noting inconsistency in award of zero damages after finding breach of contract).[3] The problem here is that Appellee failed to raise that issue at the time the verdict was returned, which constitutes a waiver of any right to have the verdict corrected on that basis. Cocca v. Smith, 821 So.2d 328, 330 (Fla. 2d DCA 2002) ("To preserve the issue of an inconsistent verdict, the party *391 claiming inconsistency must raise the issue before the jury is discharged and ask the trial court to reinstruct the jury and send it back for further deliberations."); Moorman v. Am. Safety Equip., 594 So.2d 795, 799 (Fla. 4th DCA 1992) ("It is quite basic that objections as to the form of the verdict or to inconsistent verdicts must be made while the jury is still available to correct them."); Keller Indus., Inc. v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982) (holding that error regarding inconsistent interrogatory verdicts could not be corrected because counsel failed to bring inconsistency to court's attention before jury discharged). Absent a proper challenge to the inconsistent verdict, the trial court was powerless to enter judgment for damages when none had been awarded by the jury and the amount of damages was disputed. See First Sealord Sur., Inc. v. Suffolk Const. Co., Inc., 995 So.2d 609, 610-11 (Fla. 3d DCA 2008) (applying rule in context of appellee who received judgment without challenge to verdict but who later sought new trial based on inconsistency).
As for Appellee's lien foreclosure claim, the jury failed to deliver a verdict on that count. The jury found that the claim of lien did not include charges for labor or materials not furnished to the property (the issue on the counterclaim). That finding, however, does not equate to a finding in favor of Appellee on that claim because, at a minimum, the jury did not set a value on the labor or materials incorporated into the improvement, which was a disputed issue at trial. Although Appellee had the right to submit this issue for determination by the jury, by approving the form of the verdict and failing to bring the issue to the attention of the trial court before the jury was discharged, Appellee waived any objections to the verdict form and completeness of the verdict.
Cory v. Greyhound Lines, Inc., 257 So.2d 36 (Fla.1971), cited by Appellee, is distinguishable. In that case, proper objections were levied before the jury was discharged. But even in that circumstance, our high court only authorized the amendment of a verdict when the verdict is "manifestly irregular" and the true intent of the jury can be "ascertained with certainty." Id. at 40 (citing Southern Pac. R. Co. v. Mitchell, 80 Ariz. 50, 292 P.2d 827 (1956)).
Here, what the trial court was left with was a verdict awarding no damages to Appellee on any theory. In the absence of a proper and timely challenge to the inconsistency or sufficiency of the verdict, the court had no choice but to enter judgment according to the verdict in favor of Appellant. See Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754 (1908) (stating return of no verdict on count is verdict in favor of defendant on that count).
REVERSED AND REMANDED.
EVANDER, J., concurs.
MONACO, J., concurs and concurs specially with opinion.
MONACO, J., concurring.
I concur in the opinion of the majority, but I write because this result troubles me. While I agree that a reversal of the final judgment is required, I conclude that a new trial would probably be a fairer result. The difficulty is that neither party objected to the verdict form when it went to the jury, or to the verdict result before the jury was discharged. Under those circumstances and after searching the verdict for clues, I agree that a reversal is required and that the Latners, the homeowners, should prevail.
The facts of this case are well presented in the majority opinion, and I shall not *392 repeat them. I begin my exploration of this rather strange case with some fundamental notions about jury verdicts. Generally speaking a verdict is a determination of a jury with respect to issues framed by the pleadings, based upon the evidence considered by it. See Wismer v. Alyea, 103 Fla. 1102, 138 So. 763 (1932). The goal, however, is always to seek to implement the intention of the jury as set forth in the verdict. If the intention of the jury is apparent, its verdict will suffice to sustain a judgment entered in conformity with that intent. See Cory v. Greyhound Lines, Inc., 257 So.2d 36, 40 (Fla.1971); Buffett v. Geldhauser, 155 So.2d 844 (Fla. 3d DCA 1963). If the verdict is internally inconsistent or contains contradictory findings, a party must preserve the verdict error for appellate review before the jury is discharged. See Crawford v. DiMicco, 216 So.2d 769, 771 (Fla. 4th DCA 1968). If after pointing out the inconsistency of the verdict prior to discharge of the jury no relief is granted, then a new trial is the remedy. See Alvarez v. Rendon, 953 So.2d 702 (Fla. 5th DCA 2007); Southland Corp. v. Crane, 699 So.2d 332 (Fla. 5th DCA 1997).
A trial court can always correct a verdict where it appears that minor clerical, transpositional or other simple errors are found on the face of a verdict. See Cory, 257 So.2d at 40; Continental Assurance Co. v. Davis, 538 So.2d 542, 544 (Fla. 1st DCA 1989). On the other hand, if a verdict results from a misconception by the jury of the facts or law involved, or if confusion is apparent and the verdict does not appear to reflect the true intention of the jury, then a court cannot correct the verdict. See Continental Assurance. It seems to me that the present case falls within the latter category, and we are, thus, left with trying to decipher what the jury meant.
Here, the jury first finds that the Latners breached their contract with the contractor, yet awarded zero damages. It then made a specific finding that the contractor did not file a fraudulent lien, but it ignored the remainder of the questions. Remarkably, the jury was never asked to determine the amount that should have been awarded on the lien. That neither party suggested that the verdict was inconsistent before the jury was discharged is surprising. Equally surprising is the fact that both parties appeared to have thought that they won, because both asked for the trial court to enter a judgment on the verdict in their favor. Finally, no party objected to the verdict form, and neither party to this appeal has asked this court to remand for a new trial.
The trial judge concluded that the verdict should be for the contractor primarily because the only number found in the verdict other than zero was the preprinted $55,163.82 found in question 7, a question involving punitive damages. Yet the jury did not fill out that section as punitive damages were not awarded. Instead, the only question involving a dollar amount that the jury completed indicated that although the Latners breached the construction contract, the contractor sustained no damages.
I think the trial judge erred in entering a verdict based on the $55,163.82 number, particularly in view of the fact that everyone agreed that the maximum lien amount that could possibly have been claimed was $43,375.71. The jury simply never awarded any amount for the lien, and indeed were never asked to do so. As the only discernable result that can be mined from the verdict is the zero award for contract damages, I concur in the result reached by the majority. If, however, the error had *393 been preserved, I would have favored a new trial.
NOTES
[1] We are unable to attribute any significance to this question. The question could have come from one juror and gives no insight into the deliberative process. Even if the question was from the entire jury, the judge answered the question correctly  that the jury could award damages under both theories. Notwithstanding the judge's answer, the jury awarded no damages. We are unable to infer from this that the jury intended to award damages to Appellee.
[2] Question 7, which the jury failed to answer, clearly pertained to the counterclaim.
[3] Appellants argue that the verdict is not inconsistent because the jury could have determined that they breached the contract by terminating it prematurely but that the work was defective and had no value. We assume for argument's sake that the verdict was inconsistent. We noted in MSM that the issue of preservation of the inconsistent verdict before discharge of the jury had not been raised in that appeal. Id. at 1087 n. 1.