MONACO, J.,
concurring.
I concur in the opinion of the majority, but I write because this result troubles me. While I agree that a reversal of the final judgment is required, I conclude that a new trial would probably be a fairer result. The difficulty is that neither party objected to the verdict form when it went to the jury, or to the verdict result before the jury was discharged. Under those circumstances and after searching the verdict for clues, I agree that a reversal is required and that the Latners, the homeowners, should prevail.
The facts of this case are well presented in the majority opinion, and I shall not *392 repeat them. I begin my exploration of this rather strange ease with some fundamental notions about jury verdicts. Generally speaking a verdict is a determination of a jury with respect to issues framed by the pleadings, based upon the evidence considered by it. See Wismer v. Alyea, 103 Fla. 1102, 138 So. 763 (1932). The goal, however, is always to seek to implement the intention of the jury as set forth in the verdict. If the intention of the jury is apparent, its verdict will suffice to sustain a judgment entered in conformity with that intent. See Cory v. Greyhound Lines, Inc., 257 So.2d 36, 40 (Fla.1971); Buffett v. Geldhauser, 155 So.2d 844 (Fla. 3d DCA 1963). If the verdict is internally inconsistent or contains contradictory findings, a party must preserve the verdict error for appellate review before the jury is discharged. See Crawford v. DiMicco, 216 So.2d 769, 771 (Fla. 4th DCA 1968). If after pointing out the inconsistency of the verdict prior to discharge of the jury no relief is granted, then a new trial is the remedy. See Alvarez v. Rendon, 953 So.2d 702 (Fla. 5th DCA 2007); Southland Corp. v. Crane, 699 So.2d 332 (Fla. 5th DCA 1997).
A trial court can always correct a verdict where it appears that minor clerical, trans-positional or other simple errors are found on the face of a verdict. See Cory, 257 So.2d at 40; Continental Assurance Co. v. Davis, 538 So.2d 542, 544 (Fla. 1st DCA 1989). On the other hand, if a verdict results from a misconception by the jury of the facts or law involved, or if confusion is apparent and the verdict does not appear to reflect the true intention of the jury, then a court cannot correct the verdict. See Continental Assurance. It seems to me that the present case falls within the latter category, and we are, thus, left with trying to decipher what the jury meant.
Here, the jury first finds that the Lat-ners breached their contract with the contractor, yet awarded zero damages. It then made a specific finding that the contractor did not file a fraudulent lien, but it ignored the remainder of the questions. Remarkably, the jury was never asked to determine the amount that should have been awarded on the lien. That neither party suggested that the verdict was inconsistent before the jury was discharged is surprising. Equally surprising is the fact that both parties appeared to have thought that they won, because both asked for the trial court to enter a judgment on the verdict in their favor. Finally, no party objected to the verdict form, and neither party to this appeal has asked this court to remand for a new trial.
The trial judge concluded that the verdict should be for the contractor primarily because the only number found in the verdict other than zero was the preprinted $55,163.82 found in question 7, a question involving punitive damages. Yet the jury did not fill out that section as punitive damages were not awarded. Instead, the only question involving a dollar amount that the jury completed indicated that although the Latners breached the construction contract, the contractor sustained no damages.
I think the trial judge erred in entering a verdict based on the $55,163.82 number, particularly in view of the fact that everyone agreed that the maximum lien amount that could possibly have been claimed was $43,375.71. The jury simply never awarded any amount for the lien, and indeed were never asked to do so. As the only discernable result that can be mined from the verdict is the zero award for contract damages, I concur in the result reached by the majority. If, however, the error had *393 been preserved, I would have favored a new trial.