DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,

Appellant,

v.

PARIS TSIRNIKAS,

Appellee.


No. 2D22-3539

_____


February 23, 2024


Appeal from the Circuit Court for Pinellas County; Keith Meyer, Judge.

Andrew A. Labbe of Groelle & Salmon, P.A., Tampa, for Appellant.

Charles M. Schropp of Schropp Law Firm, P.A., Tampa; James J. Dowling of James J. Dowling, P.A., Tarpon Springs; and Jerry Theophilopoulos of Theophilopoulos Law, P.A., Tarpon Springs, for Appellee.


CASANUEVA, Judge.

Universal Property & Casualty Insurance Company appeals a final judgment entered in favor of Paris Tsirnikas following a jury trial. Ms. Tsirnikas sued Universal asserting that she had a homeowners insurance policy with Universal and that Universal breached the

insurance contract by refusing to cover the damage to her property. Among the defenses asserted by Universal, it claimed that the damages were not covered by the terms of the insurance policy. Although the jury found that Universal had established that the loss was not covered by the policy, the trial court entered judgment in favor of Ms. Tsirnikas. Because the final judgment should have been entered in favor of Universal, we reverse.

## I. TRIAL COURT PROCEEDINGS

In her amended complaint, Ms. Tsirnikas alleged one claim for breach of contract. She asserted that Universal had issued a homeowners insurance policy to her that covered her dock and, when the dock suffered damage, Universal breached the insurance contract by refusing to cover the loss.

The case proceeded to trial, and the jury answered the following six questions on the verdict form as follows:

> 1. Did Plaintiffs, Paris Tsirnikas and John Tsirnikas,[1] fail to provide the documentation they were required to provide prior to receiving the denial letter, dated February, 12, 2018?
>
> YES_____        NO ___√___
>
> 2. Did Plaintiffs, Paris Tsirnikas and John Tsirnikas, fail to provide the documentation they were required to provide prior to filing the lawsuit?
>
> YES_____        NO ___√___
>
> 3. Did Plaintiff, Paris Tsirnikas, establish by the greater weight of the evidence the dock is covered property?
>
> YES___√___        NO _____
>
> If your answer to question 3 is NO, your verdict is for the Defendant and you should not proceed further, except to

_____

[1] John Tsirnikas was originally a plaintiff in the lawsuit, but he passed away when the suit was pending in the trial court.

date and sign this verdict form and return it to the courtroom. If you answered YES to question 3, please answer question 4.

4. Did Plaintiff, Paris Tsirnikas, establish by the greater weight of the evidence the dock sustained a direct physical loss on November 24, 2017?

YES___√___                NO _____

If your answer to question 4 is NO, your verdict is for the Defendant and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If you answered YES to question 4, please answer question 5.

5. Did the Defendant establish by the greater weight of the evidence that the alleged damage to the dock was the result of an excepted and/or excluded cause of loss?

YES___√___                NO _____

6. What is the cost to repair the dock at actual cash value?

TOTAL $9,400

During discussions pertaining to the fifth question, the trial court stated its intention to leave out language that an affirmative answer would be a verdict for Universal. The attorney for Universal asked the court, "So if the defendant proves an exclusion they don't -- it's not a finding for defendant?" The trial court responded, "It is a finding for defendant but the Court enforces the finding. This is an interrogatory verdict form."

Regarding actual cash value, the trial court instructed the jury, "Actual Cash Value Calculation. Damage to covered structures, other than screened enclosures, that are not buildings, shall be calculated at actual cash value, meaning the actual cash value of a loss to covered property that was actually damaged by a covered loss, less recoverable depreciation." After returning the verdict to the trial court, no inquiry

3

was made of the jurors concerning the verdict form, and they were permitted to leave.

Before the final judgment was entered, Universal filed a "Defendant's Motion for Remittitur to Reduce the Jury's Damage Calculation to Zero Dollars." The motion noted that the jurors had asked the trial court if they were to decide how much compensation for Ms. Tsirnikas. The trial court answered this question by instructing the jury, "you are to follow the instructions on the verdict form."

In its motion for remittitur, Universal argued that in rendering its verdict, the jury was simply following the instructions set forth on the verdict form, which required it to make a determination as to the cost to repair the dock at actual cash value, even after the jury determined that Universal established that the damage to the dock was the result of an excepted and/or excluded cause of loss. The motion noted that the jury had determined that $9,400 was the actual cash value to repair the dock, but it were not asked to, and did not, determine that $9,400 was owed to Ms. Tsirnikas by Universal.

The trial court entered final judgment in favor of Ms. Tsirnikas, ruling that, "[b]ased on the Jury's Verdict, Final Judgment is entered against Defendant and in favor of Plaintiff for $9,400.00 for which let execution issue."

## II. ANALYSIS

We begin by observing that a "jury cannot be faulted for doing exactly what it was instructed to do." *Plana v. Sainz*, 990 So. 2d 554, 557 (Fla. 3d DCA 2008). Ms. Tsirnikas argues on appeal that the jury rendered an inconsistent verdict and that Universal was required to raise an objection to the inconsistent verdict before the jury was discharged. *See Francis-Harbin v. Sensormatic Elecs., LLC*, 254 So. 3d 523, 525 (Fla.

4

3d DCA 2018) ("Because only the empaneled jury can correct such a verdict, a party wishing to contest a legally inconsistent verdict must raise the issue with the trial court before the jury is discharged, and the failure to do so results in a waiver." (citing *Coba v. Tricam Indus., Inc.*, 164 So. 3d 637, 649 (Fla. 2015))). We conclude that the jury's verdict was not inconsistent and that the trial court erred in entering final judgment in favor of Ms. Tsirnikas after the jury found that the damage to the dock was the result of an excepted and/or excluded cause of loss.

A. *The verdict was not inconsistent.*

A legally inconsistent verdict is defined as "one which contains two or more findings which, as a matter of law, cannot co-exist." *Id.* A verdict of no liability that also awards damages "is not an inconsistent verdict in the sense that an objection must be raised by the defendant when the jury returns the verdict," but "as a matter of law a judgment for damages cannot be entered where there is no finding of liability." *Oliveira v. Ilion Taxi Aero LTDA*, 830 So. 2d 241, 242 (Fla. 4th DCA 2002).

Here, we must determine whether the jury's responses to questions five and six create an inconsistent verdict. Ms. Tsirnikas contends that the jury instruction on actual cost supports the jury's finding to question six and is inconsistent with the answer to question five. While this contention has some persuasive force, we do not find it dispositive. Although the jury instruction contains language that "actual cash value of a loss to **covered property** that was actually damaged by a **covered cause of loss,**" there is no mirror language in question six. (Emphasis added.) Question six presents a limited inquiry directed to a factual, not a factual and legal, matter. It only asks the jury to identify the cost to repair the dock at actual cash value. It does not, on its face, assign liability to Universal for the cost of repair. It also does not ask the jury to

5

determine the amount of damages that are owed to Ms. Tsirnikas under the policy. We look only to the language appearing on the face of the verdict form, and we conclude that the verdict of no liability is not inconsistent with the jury's factual determination regarding how much it would cost to repair the dock.

B. *The trial court improperly entered a judgment for damages in favor of Ms. Tsirnikas when the jury verdict found that Universal was not contractually liable for the loss.*

The jury's answer to question five is a determination of no contractual liability on the part of Universal, and therefore, the trial court should have entered the final judgment in favor of Universal. This case is similar to *Alvarez v. State Farm Florida Insurance Co.*, 305 So. 3d 5, 8 (Fla. 3d DCA 2019), where the jury found that the homeowners had materially misrepresented the facts by exaggerating the extent of their loss, and the jury also awarded the homeowners $6,000. The Third District held that the jury's award of damages did not alter the outcome of the appeal because "[a]s a matter of law, the finding of material misrepresentation voids coverage for the claim." *Id.* The Third District further held that "[t]he trial court properly determined as a matter of law that the jury's verdict finding material misrepresentation voided the Homeowners' coverage for the claimed loss, and correctly rendered judgment in favor of State Farm with no entitlement to damages." *Id.* at 9.

As noted above, question five on the verdict form in this case provides a factual and legal resolution to Universal's affirmative defense. By answering this question in the affirmative, the jury found that because the damage was an excepted cause of loss, an excluded cause of loss, or both, Universal had prevailed. Because there was no liability under the insurance contract, it follows that no damages could be

6

assessed or awarded against Universal. As this was the verdict, the jury had no need to proceed to question six. Arguably, because of the lack of instruction found on the verdict form following question five and the trial court's answer to the jury's question, the jury answered question six. The trial court had noted during trial that, if Universal proves an exclusion, "[i]t is a finding for defendant but the Court enforces the finding." Nonetheless, when the jury found that Universal proved its affirmative defense, the trial court failed to enforce that finding.

## III. CONCLUSION

Having made a degree of order from the chaos surrounding the jury's verdict, we reverse and remand with instructions to the trial court to enter judgment in favor of Universal.

Reversed and remanded.

NORTHCUTT and SILBERMAN, JJ., Concur.

_____

Opinion subject to revision prior to official publication.