166 So.2d 763 (1964)
GULF AMERICAN LAND CORPORATION, Appellant,
v.
Harry WAIN, Appellee.
No. 63-648.
District Court of Appeal of Florida. Third District.
August 11, 1964.
Howard R. Hirsch, Miami, for appellant.
Nat L. Williams, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
HORTON, Judge.
This appeal is from a final judgment based upon an adverse jury verdict in an action for damages for breach of a written contract.[1]
The appellant's answer to the complaint admitted the termination of the contract prior to the one-year period provided, but denied that anything was due appellee under the contract. Upon the conclusion of the appellee's case in chief, and again when all the testimony and evidence had been produced, the appellant moved for directed verdicts, both of which were denied. The cause then went to the jury resulting in a verdict for the appellee. The appellant then filed a motion for a judgment non obstante veredicto. This motion was denied and the judgment appealed was entered.
Although the appellant has made six assignments of error, we are of the view that *764 only two of these assignments have been preserved for appellate review. They are that the trial judge erred (1) in denying the appellant's motions for directed verdict, and (2) in denying the appellant's motion for judgment non obstante veredicto. We affirm.
In substance the appellant argues that since the contract does not reveal a duty on its part to do the things which the appellee contends appellant failed, neglected or refused to do, that the court should have concluded as a matter of law that there had been no breach of the contract and therefore should have entered judgment for the appellant. The appellant cites the well recognized rule from Winter Garden Citrus Growers Association v. Willits, 113 Fla. 131, 151 So. 509, that "[w]hat will constitute a breach of contract is a matter of law to be determined by the court. Whether or not that has occurred which would constitute a breach of contract is a matter of fact to be determined by a jury."
The main thrust of the appellee's complaint was that appellant had failed, neglected and refused to furnish him information which would permit him to discharge his duties under the contract. The appellant does, in our view, come within the rule that when a person contracts for the doing of a certain thing with another, he impliedly promises that he will not himself do anything to hinder or obstruct the performance by the other person. When one of the contracting parties prevents or hinders the performance or the acts of the other contracting party required to be performed, or prevents the discharge of a contractual duty, then such actions are generally considered to be a breach of the contract, although not specified and delincated in the written instrument. See 7 Fla.Jur., Contracts, § 155.
In summary, the trial judge was correct in determining that the matters and things of which the appellee complained were such that if proven would constitute a breach of the contract sued upon. This was a conclusion of law and he was then entitled, if not required, to submit to the jury the question of whether or not the matters and things of which the appellee complained had actually occurred. See Olin's, Inc. v. Avis Rental Car System of Florida, Fla.App. 1961, 131 So.2d 20, 22; Winter Garden Citrus Growers Association v. Willits, supra. The jury obviously believed that they had occurred, and an examination of the record here convinces us that they had sufficient evidence upon which to render the verdict they did. It follows that the judgment appealed should be and is hereby affirmed.
Affirmed.
NOTES
[1] Appellee was employed for a period of one year as a real estate salesman by the appellant and, during said time, he was prohibited from engaging in the sale of Florida real estate except on behalf of the appellant, although both parties were given the absolute right to terminate same upon written notice.