447 So.2d 391 (1984)
CONSOLIDATED ALUMINUM CORPORATION, Appellant,
v.
Robert BRAUN, Jefferson Stores, Inc., Etc., et al., Appellees.
No. 83-825.
District Court of Appeal of Florida, Fourth District.
March 14, 1984.
Rehearing Denied April 10, 1984.
Michael J. Ferrin of Beverly & Freeman, West Palm Beach, for appellant.
Walter G. Campbell, Jr., of Krupnick & Campbell, P.A., Fort Lauderdale, and Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, for appellees, Braun, et al.
BERANEK, Judge.
Plaintiff/appellee was injured when he fell off a ladder manufactured by appellant, Consolidated. Suit was brought on three theories: negligence, strict liability, and breach of implied warranty. The allegations of negligence against Consolidated were set forth in the complaint as follows:
a. Negligently manufactured the ladder out of materials which were inadequate to perform the functions required of the ladder.
b. Negligently designed the ladder such that it was not strong enough to support the weight of the average man.
c. Failed to design the ladder with sufficient width to keep it from becoming unstable.
d. Negligently designed the ladder in such a way that any shift in the weight or minor deviation in weight distribution would result in the legs becoming inadequate to support the person on the ladder.
e. Failed to place any warning notices of this defect on the ladder warning the Plaintiff of these dangerous conditions. (Emphasis added.)
*392 On plaintiff's breach of implied warranty claim, he alleged that the ladder was not fit for use for its intended purposes and was not of merchantable quality in that its legs bent and twisted causing Braun to be thrown from the ladder to the ground. On his strict liability claim, Braun alleged that the ladder was in a defective condition, unreasonably dangerous to the user or consumer due to the defect in the design and/or manufacture of the product.
The case was submitted to the jury on a special interrogatory verdict. The jury found negligence on the part of Consolidated but found that the ladder was not defective and that Consolidated had not breached an implied warranty. Braun was determined to be 60% negligent, and his total award of $1 million was reduced to $400,000.
On appeal, Consolidated contends that the verdict is not supported by substantial evidence and that the trial court erred in denying its motion for directed verdict and in entering judgment upon the verdict. Although not labeled as such, the real issue in this case is the inconsistency of the verdict. The first three questions of the verdict form read as follows:
1. Was there negligence on the part of the Defendant, CONSOLIDATED ALUMINUM CORPORATION, which was a legal cause of the injury suffered by the Plaintiff, ROBERT BRAUN?
 YES YES NO ___
2. Did Defendant, CONSOLIDATED ALUMINUM CORPORATION breach an implied warranty in regard to the ladder and was such breach the legal cause of the injuries suffered by the Plaintiff?
 YES ____ NO NO
3. Was the ladder in question defective when it was sold by the Defendant, CONSOLIDATED ALUMINUM CORPORATION and was such defect the legal cause of the injuries suffered by the Plaintiff?
 YES ____ NO NO
Apparently Braun, as well as the trial court, viewed the three questions as referring to separate theories and as being mutually exclusive. However, every paragraph of the complaint dealing with negligence states that Consolidated was negligent in designing or manufacturing the ladder. Thus, every allegation of negligence is dependent upon proof of a defect in the ladder. The jury found the ladder did not contain a defect and that there was no breach of any implied warranty. We ask the same question which appellant poses on appeal: How could Consolidated have been negligent in the design and manufacturing of a product which contains no defect? The appellee has no satisfactory answer.
We do not accept Braun's argument that a finding of no defect merely means that the jury did not find Consolidated strictly liable for the injury but has no effect on the jury's determination of negligence. Braun contends that, if viewed otherwise, there would be no difference between negligence and strict liability. In some cases, such as this one where all the allegations of negligence are dependent upon proof of a defect, there is no practical difference between the two theories. Since the jury found no defect, we hold that it was inconsistent to find negligence on the part of Consolidated based on the pleadings and the proof at trial. We reverse and remand for a new trial on all issues.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.