480 So.2d 669 (1985)
NORTH AMERICAN CATAMARAN RACING ASSOCIATION, INC. (NACRA), Appellant,
v.
John McCOLLISTER, As Personal Representative of the Estate of Christine Wapniarski, Deceased, Appellee.
No. 84-1796.
District Court of Appeal of Florida, Fifth District.
December 5, 1985.
Rehearing Denied January 7, 1986.
*670 Raymond A. Haas and Delia Rose of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for appellant.
Frederick S. Jaeger, Jr. of Robinson & Jaeger, Daytona Beach, for appellee.
SHARP, Judge.
North American Catamaran Racing Association, Inc. (NACRA) appeals from a judgment entered against it in a wrongful death case. Wapniarski died in the tragic aftermath of the capsize of a catamaran manufactured by NACRA. Because we find in this case no evidence of negligence on the part of NACRA, and no evidence of any defect in the design of the catamaran which was the cause of Wapniarski's death, we reverse.
This suit arose out of an accident in 1981 which occurred at sea. Perrin, the owner of the catamaran and a co-defendant,[1] invited three other young people to sail with him, including Wapniarski, that fateful afternoon. Perrin was the third owner of the boat, and he was not an expert sailor. The 1977 NACRA catamaran had been sailing poorly that day because one pontoon was leaking. Perrin thought the cause of the leak was a broken inspection cap which had a chipped or broken thread. Perrin tried to repair it with duct tape.
After making this repair on shore, the four sailed out to sea again. A storm came up, and the pontoon was again seen to be filling with water. Perrin tried to drain it by pulling the drain plug while sailing. However, the boat capsized and the leaking pontoon filled with water.
The group clung to the remaining catamaran pontoon, which kept them afloat during the night. When daylight came, they decided to try to swim to shore. Wapniarski was not as good a swimmer as the other three, but she did not want to be left alone. On the journey to shore she was attacked by a shark, and died from loss of blood or drowning. Later, the Coast Guard found the catamaran, with one pontoon still afloat, but they were unable to recover it.
At trial, the appellee sought to prove that NACRA was negligent in its design of the catamaran for two reasons: it did not incorporate a positive flotation system into the design of the hulls; and it made the fiberglass hulls too thin, so they would leak and break up with use. The evidence on these two points, as well as the evidence on causation, even if defective design had been proven, was exceedingly weak and strongly countered by other evidence.
The jury was asked to answer a special verdict form, which included the following two questions:

*671 Was the sailboat defective when sold and, if so, was the defect a legal cause of the death of Christine Wapniarski?
Was there negligence on the part of defendant NACRA which was the legal cause of the death of Christine Wapniarski?
The jury answered the first question "No," but it answered the second question "Yes."
NACRA contends these verdicts are inconsistent and require reversal. The trial court instructed the jury on two theories of NACRA's liability: strict liability and negligence. The first question pertains to the strict liability claim while the second question relates to the negligence claim. The allegation of negligence was the same under both theories: NACRA's negligent design of the boat.
The appellee counters that NACRA waived appellate review of the inconsistency by not objecting before the jury was discharged.[2] True, a party must object to defective verdict forms or inconsistent verdicts before the jury is discharged to preserve the claim, Higbee v. Dorigo, 66 So.2d 684 (Fla. 1953); Papcun v. Piggy Bag Discount Souvenirs Food and Gas Corp., 472 So.2d 880 (Fla. 5th DCA 1985). Here, however, the inconsistency is of a fundamental nature because the only evidence of negligence offered against NACRA at trial related to its alleged negligent design. See Papcun v. Piggy Bag Discount Souvenirs Food and Gas Corp.; Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981). But, the jury found that there was no design defect. And if that were true, there was no other evidence to sustain the jury's verdict in this case. Cf. Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3rd DCA 1985) (while verdict not inconsistent, no evidence to support it). Accordingly, we have no alternative but to reverse the judgment and remand for entry of judgment in NACRA's favor.[3]
REVERSED and REMANDED.
DAUKSCH and UPCHURCH, JJ., concur.
NOTES
[1] The jury found Perrin 20% responsible, the decedent 20% responsible and NACRA 60% responsible for Wapniarski's death.
[2] NACRA moved for a directed verdict, judgment notwithstanding the verdict and new trial on the grounds that the plaintiff failed to prove strict liability or negligence.
[3] The co-defendant, Perrin, did not appeal the final judgment and, therefore, our decision affects only the liability of NACRA.