DANIEL, Judge
Joseph Skon was arrested by Robert Mil-stead, a deputy sheriff for the Flagler County Sheriffs Department, and charged with disorderly conduct and resisting arrest.[1] Skon and his wife subsequently instituted civil proceedings against Milstead by filing a complaint claiming that “... Milstead used unreasonable, excessive force, not warranted by the circumstances, in effectuating the arrest of plaintiff, Joseph S. Skon.” Skon’s complaint was in two counts, the first being a cause of action in negligence with the second count alleging a violation of Skon’s civil rights pursuant to Title 42, United States Code, Section 1983.
Following the trial a special verdict form was submitted to, and returned by, the jury. The pertinent portions as they relate to Joseph Skon were:
VERDICT
WE, THE JURY, RETURN THE FOLLOWING VERDICT:
1. Did Defendant ROBERT MILSTEAD or any other deputy of Sheriff ROBERT E. McCARTHY use excessive force in effectuating the arrest of the Plaintiff, JOSEPH S. SKON?
YES_ NO X
2. Did Defendant ROBERT MILSTEAD violate the civil or constitutional rights of the Plaintiff JOSEPH S. SKON?
YES X NO_
3.If your answer to questions one and two are NO, do not answer this question, but instead sign and date this form and return it to the Court.
If your answer to questions one or two is YES, state the amount of damages you award to Plaintiff, JOSEPH S. SKON, as a result of the actions of the Defendant.
$3,000.00
[[Image here]]
Following the verdict the trial court entered final judgment in favor of Skon in the amount of $3,000.[2]
Milstead subsequently filed a motion for judgment notwithstanding the verdict which was treated by the court as a motion for a directed verdict. In its order granting the restyled motion for a directed verdict, the trial court stated “the jury specifically found that excessive force was not used in the arrest of the plaintiff, Joseph. Skon, but found the existence of a violation of plaintiff’s civil rights, awarding plaintiff Joseph Skon the sum of $3,000. Because the jury determined that excessive force was not used in arresting Joseph Skon, Mr. Skon’s civil rights cannot have been violated. The standards used to determine the existence of a violation of a plaintiff’s civil rights as a result of the use of force in making an arrest requires the use of higher degree of force than is required to establish a claim for excessive force under state law. Thus, if excessive force was not used in the arrest of the plaintiff, his civil rights cannot have been violated.” On this rationale the trial court set aside the jury’s verdict as well as the previously entered final judgment and then entered judgment in favor of Milstead.
On appeal, Skon asserts that, at worst, the trial court was faced with a jury verdict that was factually and legally contradictory and, therefore, the court should have ordered a new trial rather than directing a *664 verdict in favor of Milstead. We agree and reverse.
In finding that the jury could not have found liability on the part of Milstead in count II after finding no excessive force in count I, the trial court overlooked the flip side of the coin. It was equally contradictory to find no excessive force with respect to count I after determining that the civil or constitutional rights of Skon had been violated by Milstead with respect to count II. There is no magic in the order in which those two questions were posed on the verdict form. Had Skon in his complaint chosen to characterize count I as the civil rights action and count II as the negligence action, the questions on the verdict form would have been in reverse order.
The court properly instructed the jury as to the use of force required as to each of the counts. While there is some difference in the force necessary in each of the counts, such difference need not be discussed here. It is sufficient to say the jury could not have properly found for Skon on the civil rights count without finding some improper or excessive use of force. Having so found, such finding clearly contradicts that portion of the verdict relating to count I.
Accordingly, we conclude that it was error for the trial court to rule that, as a matter of law, Milstead was entitled to a judgment in his favor. Rather, the trial court should have ordered a new trial. See Merrill Lynch, Pierce, Fenner & Smith v. Anderson, 501 So.2d 635 (Fla. 1st DCA 1986).
REVERSED and REMANDED for a new trial.
COBB, J., and NORRIS, W.A., Jr., Associate Judge, concur.

. Skon was acquitted of both charges.

. The jury exonerated Milstead on the claim of Skon’s wife.