597 So.2d 821 (1992)
Lee PERRY, et al., Appellants,
v.
RED WING SHOE COMPANY, etc., et al., Appellees.
No. 90-1710.
District Court of Appeal of Florida, Third District.
February 11, 1992.
On Motion for Rehearing April 7, 1992.
Joe N. Unger; Aronovitz & Associates, Miami, for appellants.
Beckham & Beckham and Pamela Beckham, North Miami Beach, for appellees.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
In this personal injury action, appellants Lee and Bertha Perry, plaintiffs below, seek reversal of a judgment for appellee, Red Wing Shoe Company (Red Wing). The question before us is whether the trial judge properly directed a verdict for Red Wing after the jury had returned a verdict in the Perrys' favor.
*822 On January 31, 1987, Lee Perry purchased a pair of work boots manufactured by Red Wing. Because his job involved working with heavy equipment, Mr. Perry claimed that he had wanted a pair of boots that would protect his toes in the event something heavy fell on his feet. He purchased Red Wing's boots because a steel toe was incorporated in the boots, and there was a hang tag attached to the boots which led him to believe the steel toe would cause the boots to withstand the pressure of heavy falling objects.
On May 22, 1987, while Perry was at a scrap metal junk yard, a 3,000 pound weight fell on his foot, crushing his four small toes, and resulting in their eventual amputation. Perry sued Red Wing on strict liability and negligence theories.
After hearing all the testimony, the jury returned a verdict in Red Wing's favor on the strict liability count, specifically finding that there was no defect in the boot. On the negligence count, the jury allocated 53% of the responsibility for the negligence to Mr. Perry and 47% to Red Wing. After the verdict was returned, Red Wing renewed its earlier motion for directed verdict. Immediately thereafter, the trial judge granted Red Wing's motion.
Motions for directed verdict "should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. The trial judge is authorized to grant such motion only if there is no evidence or reasonable inferences to support the opposing position." Stirling v. Sapp, 229 So.2d 850, 852 (Fla. 1969) (citing Hendricks v. Dailey, 208 So.2d 101, 103, cert. denied, 219 So.2d 702 (Fla. 1968)). Furthermore, it is ordinarily the function of the jury to weigh and evaluate the evidence, particularly in negligence cases where reasonable people often draw different conclusions from the same evidence. Unless the evidence as a whole with all reasonable deductions to be drawn therefrom points to only one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting her own evaluation of the weight of the evidence. Nelson v. Ziegler, 89 So.2d 780, 782 (Fla. 1956). See also McCabe v. Watson, 225 So.2d 346, 347 (Fla. 1969), cert. dismissed, 232 So.2d 739 (Fla. 1970); Dean Witter Reynolds, Inc. v. Hammock, 489 So.2d 761, 764-65 (Fla. 1st DCA 1986).
At trial, plaintiffs' expert testified on direct examination that the steel toe in Red Wing's boots protected only the big toe and that therefore the boots were inadequate because the small toes were susceptible to injury. Although he was vigorously cross examined regarding the adequacy of the boots' design he maintained that alternative technology existed whereby all toes could have been protected. Thus, the jury was presented with sufficient evidence to determine what actions were negligent and by whom. It was, therefore, error for the trial judge to "sit as a seventh juror" and set aside the jury's verdict. Laskey v. Smith, 239 So.2d 13, 14 (Fla. 1970).
Accordingly, we reverse the judgment under appeal and reinstate the jury's verdict.

ON MOTION FOR REHEARING
Appellee seeks rehearing of this court's February 11, 1992 opinion in the above-styled case. That opinion reversed the trial court's directed verdict and judgment in appellee's favor. While the motion for rehearing is denied, we write to explain our reasons for doing so.
Appellee claims that this court's order reinstating the jury's verdict in appellants' favor on their claim of negligent design is foreclosed by the jury's determination that appellee did not place steel-toe safety boots on the market with a defect which was the legal cause of appellant's damages. Thus, claims appellee, the verdict finding it negligent is inconsistent with the verdict finding no strict liability. To support its claim, appellee relies on North American Catamaran Racing Ass'n v. McCollister, 480 So.2d 669, 671 (Fla. 5th DCA 1985), review denied, 492 So.2d 1333 (Fla. 1986), and Ashby Division of Consolidated Aluminum Corp. v. Dobkin, 458 So.2d 335, 337 (Fla. 3d DCA 1984). Although these cases support *823 appellee's claim in result, the evidence presented in the instant case, as outlined in our original opinion, supports a different conclusion.
Both North American Catamaran and Ashby are cases where the appellate courts found that the juries had reached inconsistent verdicts. In North American Catamaran, a sailboat manufacturer was sued for a death resulting from a capsized boat. While the jury found no defect in the boat's design, it found defendant negligent. 480 So.2d at 671. In Ashby, plaintiffs brought suit against a ladder manufacturer claiming defective design and inadequate warnings. At trial, the jury rejected plaintiffs' strict liability claim, but found the manufacturer negligent. 458 So.2d at 337. In each case, the appellate courts noted that absent proof of defect, no grounds remained upon which to affirm the trial courts' orders finding the defendants negligent.
The North American Catamaran and Ashby cases differ from the case at bar, however, because both appellate courts in those cases specifically noted that no evidence remained to sustain the verdicts when the juries found no design defects. Here, our decision is based upon evidence adduced at trial upon which a jury could reasonably have determined that appellee failed to warn or instruct prospective purchasers about the product, and that this failure to warn was the proximate cause of appellants' injuries. Thus, the jury's finding of negligence in this case is not foreclosed by its rejection of the claim of strict liability.
Accordingly, we deny appellee's motion for rehearing.