PER CURIAM.
Maria Luria Da Silva alleges she was injured while cleaning a sugar cane juicer machine, designed and manufactured by the defendants, Adolfo Rodriguez and Adoro Marketing, Inc. Rodriguez is the designer of ■the machine and president of Adoro, a company which manufactures juicers and places them in businesses which purchase sugar cane from Adoro. The case was submitted to a jury under theories of strict liability and negligent design or manufacture. The trial court entered final judgment pursuant to the jury’s verdict finding Da Silva, the company, and Rodriguez, 35%, 45%, and 20% liable, respectively. We affirm the final judgment.
As to defendant Adoro, when the jury returned its verdict, defense counsel argued that the jury’s verdict was inconsistent in that it found the defendants negligent in the design or manufacture of the machine while at the same time finding no defect. Relying on the finding of no defect, defense counsel argued that a judgment should be directed in defendants’ favor. Counsel did not, however, ask the trial judge to permit reconsideration by the jury, still sequestered, so as to resolve the inconsistency. We conclude that in these circumstances, as in Cowart v. Kendall United Methodist Church, 476 So.2d 289, 290-91 n. 2 (Fla. 3d DCA 1985), “the respective party’s failure to seek jury reconsideration below is properly regarded as a conscious choice of strategy which effects a binding waiver of any contention that he was entitled on appeal to the relief he consciously, and for good reason, eschewed at trial.” See Alamo RenC-A-Car Inc. v. Clay, 586 So.2d 394 (Fla. 3d DCA 1991). Defense counsel, having not requested the jury be permitted to reconsider its verdict in light of the inconsistency, cannot now seek reversal on that basis.
We also find no error in the final judgment entered as to Adolfo Rodriguez, individually. Rodriguez, claiming there was no evidencé adduced at trial that he manufactured or distributed the juicer in his individual capacity, or derived profits in his individual capacity from the sale and distribution of sugar cane, argues that the trial court erred in failing to direct a verdict on all counts in his favor. See Johnson v. Supro Corp., 498 *544 So.2d 528 (Fla. 3d DCA 1986). However, evidence was submitted at trial, including Rodriguez’ own testimony, from which a jury could conclude that Rodriguez personally derived profit from the machine.
At the start of direct examination, Da Silva’s attorney asked Rodriguez:
[D]id you — when I say you, it’s either you personally or you, in connection with Ado-ro Marketing, Inc. — service this machine?
As the questioning continued, defense counsel in no way objected or made any effort to have Da Silva’s counsel distinguish Rodriguez, the individual, from Rodriguez, representative of the corporation. Further, when Rodriguez’ own counsel began cross-examination, he also made no distinction in his questioning:
Q. Mr. Rodriguez, you have been in this country how long?
A. Twenty-eight years.
Q. And you have how many of these machines out?
A. Around two hundred.
The questioning continued in this vein, making no effort to distinguish the actions of Adolfo Rodriguez and those of Adoro. Thus, on the record before us, it is impossible to conclude that, as a matter of law, Rodriguez should be relieved from liability. Having acquiesced at trial to his actions and Adoro’s being considered one, he cannot now seek reversal on that basis. Thus, we find no error in the judgment in Da Silva’s favor as to Rodriguez, individually.
Accordingly, the order under review is affirmed.