669 So.2d 271 (1996)
ANHEUSER-BUSCH, INC., Appellant,
v.
Shirley M. LENZ and David Lenz, her husband, Appellees.
No. 94-2153.
District Court of Appeal of Florida, Fifth District.
January 19, 1996.
Rehearing Denied March 14, 1996.
*272 G. Mark Thompson of Rumberger, Kirk & Caldwell, P.A., Orlando, for Appellant.
F. Douglas McKnight, Orlando, for Appellees.
PER CURIAM.
Appellant, Anheuser-Busch, Inc., has appealed a judgment in favor of Shirley and David Lenz based upon a jury verdict. Two issues are raised: (1) the granting of an instruction on res ipsa loquitur, and (2) the entry of a judgment based upon an inconsistent verdict.
Shirley Lenz alleged that a beer bottle exploded in her hand as she was stocking a beer cooler at the restaurant where she worked. As a result, fragments of glass damaged her left eye. The Lenzes contended that the exploding bottle was in the exclusive custody and control of its manufacturer, Anheuser-Busch, prior to the injury, and requested an instruction on res ipsa loquitur. The jury found both Anheuser-Busch and Shirley Lenz to be negligent, the former to the extent of seventy percent and the latter to the extent of thirty percent. But the jury also found, in an interrogatory verdict form, that Anheuser-Busch did not place the bottle on the market with a defect.
We find the inconsistent jury verdict to be dispositive of this appeal based upon our opinion in North American Catamaran Racing Association, Inc. (NACRA) v. McCollister, 480 So.2d 669 (Fla. 5th DCA 1985), rev. denied, 492 So.2d 1333 (Fla.1986). Here, as in that case, the error is a fundamental one.
NACRA concerned a wrongful death action resulting from the capsizing of a catamaran manufactured by NACRA. The jury returned an interrogatory verdict finding (1) that the sailboat was not defective when sold and (2) that there was negligence by NACRA which caused the death of the drowning victim. The findings were patently in conflict because, in the absence of a design defect, there was no other evidence of any negligence by NACRA. Consequently, we reversed and remanded for entry of judgment for NACRA.
The instant case presents the same scenario. The jury specifically found that there was no defect in the bottle when it was placed on the market by Anheuser-Busch, and there was no other evidence of negligence by Anheuser-Busch. Indeed, the absence of any direct evidence of negligence was necessarily the legal basis for the res ipsa loquitur instruction requested by the plaintiff. As observed by the Florida Supreme Court in Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978), it is the unavailability of direct evidence of negligence due to the unusual circumstances of the injuring incident that gives rise to the common-sense inference of negligence, the basis of the doctrine of res ipsa loquitur"the thing speaks for itself."
*273 This case should never have been submitted to the jury for a determination of "comparative" negligence. The trial evidence indicated that the incident was caused either by a defective bottle or the negligence of Shirley Lenz. There was no basis for a finding that any combined negligence caused the incident.
Accordingly, we reverse and remand for entry of judgment for the defendant, Anheuser-Busch.
REVERSED and REMANDED.
COBB, W. SHARP, and THOMPSON, JJ., concur.