689 So.2d 1122 (1997)
TEREX CORPORATION, Koehring Cranes, etc., Appellants,
v.
Michael T. BELL and Laurie Bell, his wife, Appellees.
No. 96-686.
District Court of Appeal of Florida, Fifth District.
February 14, 1997.
Rehearing Denied March 18, 1997.
Marc D. Chapman and Brandon S. Peters of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for Appellants.
John N. Hamilton of Nance, Cacciatore, Sisserson, Duryea & Hamilton, Melbourne, for Appellees.
DAUKSCH, Judge.
Appellant, Terex Corporation, Koehring Cranes, timely appeals an amended final judgment in favor of appellees, Michael and Laura Bell, based upon a jury verdict.
This case arose from an accident which occurred when appellee, Michael Bell, was operating a crane sold by appellant to the United States Air Force in 1988. The evidence at trial showed that the accident occurred while he was standing up in the crane's cab with his head protruding through the open roof when the raised plexiglass lid fell and hit him on the head. Appellee suffered a herniated cervical disk from the accident as a result of which he and his wife, Laurie Bell, sued appellant for negligence, strict liability and loss of consortium. Following a jury trial, the jury found that appellant was 43% negligent but that it had not placed a defective crane on the market. It also found appellee, Michael Bell, 57% negligent.
*1123 We reverse based upon the inconsistent jury verdict. The jury found that the crane which injured appellee was not defective when appellant placed it on the market and there was no other evidence of negligence by appellant. Because the only evidence of negligence offered against appellant at trial related to its alleged negligent design and the jury found there was no design defect, there was no other evidence to sustain its verdict. Accordingly, the judgment is reversed and the cause remanded for entry of a judgment in favor of appellant. See also Anheuser-Busch, Inc. v. Lenz, 669 So.2d 271 (Fla. 5th DCA), rev. den., 679 So.2d 773 (Fla.1996); North American Catamaran Racing Ass'n, Inc. (NACRA) v. McCollister, 480 So.2d 669 (Fla. 5th DCA 1985), rev. den., 492 So.2d 1333 (Fla.1986). See also Consolidated Aluminum Corp. v. Braun, 447 So.2d 391 (Fla. 4th DCA), rev. den., 455 So.2d 1033 (Fla. 1984).
REVERSED and REMANDED
COBB and HARRIS, JJ., concur.