699 So.2d 332 (1997)
The SOUTHLAND CORPORATION, Appellant,
v.
Mary Ann CRANE, et al., Appellees.
No. 96-3282.
District Court of Appeal of Florida, Fifth District.
September 26, 1997.
*333 Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Ft. Lauderdale, for Appellant.
Jack L. Platt of High, Stack, Lazenby, Palahach, Maxwell & Platt, Melbourne, for Appellees.
COBB, Judge.
The Southland Corporation, defendant below, appeals from post-trial orders following a jury verdict in favor of the plaintiff, Mary Ann Crane, in a slip and fall action.
The plaintiff sued the defendant after she slipped and fell at a Melbourne 7-Eleven convenience store. There was testimony at trial that the plaintiff had incurred medical bills of approximately $22,000 relating to the incident.
The jury returned the following verdict:
1. Was there negligence on the part of the defendant, The Southland Corporation, which was a legal cause of damage to plaintiff, Mary Ann Crane?
Yes.
2. Was there negligence on the part of plaintiff, Mary Ann Crane, which was a legal cause of her damage?
Yes.
3. State the percentage of any negligence which was a legal cause of damage to plaintiff, Mary Ann Crane, that you charge to:

Defendant, The Southland Corporation 100%
 ----
Plaintiff, Mary Ann Crane 0%
 ----

The jury awarded damages of $21,417.72 for medical expenses and lost earnings but awarded nothing for future medical expenses or pain and suffering. Defense counsel asserted that the verdict was inconsistent because of the jury's failure to attribute some percentage of fault to the plaintiff. The plaintiff's counsel asserted inconsistency in the jury's failure to award any pain and suffering damages. The trial court discharged the jury. The defendant moved for a new trial stating that the verdict was inconsistent because the jury had found that the plaintiff was negligent but then apportioned 100% of the damages to the defendant. The plaintiff filed a motion for additur or in the alternative a motion for new trial on damages only based on the jury's failure to award any damages for past pain and suffering, future pain and suffering or future medicals.
The trial court granted the motion for additur, finding that:
the award of only part medical expenses for an injury involving a torn meniscus to the right knee resulting in an arthroscopic surgery and resulting pain and disability is clearly inadequate in light of the facts and circumstances presented and the testimony regarding Plaintiff's pain, suffering, inconvenience and inability to enjoy her former lifestyle....
This Court determines that the proper and reasonable award of Intangible Damages for the Plaintiff in this cause should be past medical expenses of $21,417.72, plus intangible or non-economic damages for pain and suffering, disability, disfigurement and loss of ability to enjoy life in the amount of $64,253.16.
The court denied the defendant's motion for new trial as to liability and damages, finding:
that the liability has been clearly shown by testimony of the Plaintiff ... her husband... and witness Shelly Daddone. Defendant knew or should have known of the existence of a substance on the Southland store floor at the time of the incident in time to prevent Plaintiff's fall or remedy the condition.
The parties were given ten days to file a written acceptance or rejection of the additur, with a rejection resulting in a new trial on damages pursuant to section 768.74, Florida Statutes. The defendant rejected the additur and appeals from the order granting a new trial on damages only.
According to 55 Fla. Jur.2d Trial, § 221:
That a verdict must be consistent appears to be a principle not often squarely decided, at least not as far as civil actions are concerned, but rather one that has *334 been generally assumed. And, generally, a verdict will not be overthrown on appeal because of inconsistency. It is only when a judgment rests on some particular finding for its validity and support that the contradictoriness between two findings treating of the same essential matter will necessitate a reversal. It is of no consequence that an immaterial finding cannot be reconciled with other findings.
Findings are not inconsistent if they show that the jury had only one intent. The test whether a verdict is inconsistent and hence unreasonable is whether a jury of reasonable persons could return the verdict.
A trial court does not err in recalling a just discharged jury and ordering them to reconsider and clarify their verdict, which, it is discovered immediately after the jury's discharge, is inconsistent, nor does the court err in entering judgment upon the jury's clarified verdict. [Footnotes omitted].
This court has not hesitated to reverse a judgment where the jury's verdict reflects findings patently in conflict. See Anheuser-Busch, Inc. v. Lenz, 669 So.2d 271 (Fla. 5th DCA 1996), rev. denied, 679 So.2d 773 (Fla. 1996); North American Catamaran Racing Ass'n, Inc. (NACRA) v. McCollister, 480 So.2d 669 (Fla. 5th DCA 1985), rev. denied, 492 So.2d 1333 (Fla.1986); see also Terex Corp. v. Bell, 689 So.2d 1122 (Fla. 5th DCA 1997); Skon v. Milstead, 541 So.2d 662 (Fla. 5th DCA 1989).
In the instant case, the verdict is clearly contradictory in that the jury found negligence on the part of the plaintiff which was a legal cause of her damage but then proceeded to apportion all of the negligence to the defendant. There is simply no way to square the verdict or to determine the intent of the jury. A new trial is required on all issues. See Chabad House-Lubavitch v. Banks, 602 So.2d 670 (Fla. 4th DCA 1992).[1]
REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] We find no error in the trial court's refusal to give the defendant's special instruction that a landowner has no duty to warn an invitee of a danger which is obvious or apparent or if the invitee has knowledge of the danger which is equal or superior to the owner's knowledge. See The Theory and Technique of Charging a Jury With These Instructions, Fla. Std. Jury Instr. (Civ.) pp. xviii-xx.