HAZOURI, J.
Andrea Alvarez and her husband Kevin Alvarez sued Nissan Motor Co. Ltd., Nissan Motor Corp. In U.S.A., and Vernon Scott Motors (collectively “Nissan”) in a products liability case involving a rollover of a Nissan Pathfinder. The suit alleged claims based on strict liability and negligence. The Alvarezes sought to prove that the accident was caused by the design defect in that the vehicle lacked “rollover” immunity. The jury found no defect in the vehicle, but nonetheless concluded that Nissan was negligent in the design, manufacture, assembly, distribution, or sale of the vehicle.
Nissan filed a post-trial Motion for Judgment Notwithstanding the Verdict, Motion for Judgment in Accordance with Motion for Directed Verdict, and Motion for New Trial. The trial court denied these motions and entered a Final Judgment in accordance with the jury verdict. We reverse.
On October 17, 1997, Andrea Alvarez was driving on the highway in her 1993 Nissan Pathfinder. She was alone in the vehicle. Alvarez inadvertently drove off the road into the center median. She immediately steered to the right to re-enter the roadway. However, she lost control of the vehicle and the vehicle rolled over onto the driver’s side. Alvarez was injured during the accident and as a result of her injuries her left arm was amputated at the elbow.
The Alvarezes in their suit alleged: 1) strict liability based on a design defect that made the vehicle unreasonably dangerous and 2) negligence based on Nissan’s duty to use reasonable care in the design, manufacture, assembly, distribution, and/or sale of its vehicle. Specifically, the Alvarezes alleged that Nissan negligently failed to give proper warnings to the purchaser concerning the vehicle’s dangerous condition and propensities.
During the course of the jury trial, the focus of the Alvarezes’ claim was that the Pathfinder contained a design defect which made it more susceptible to “rollovers.” The Alvarezes presented a significant amount of expert testimony and evidence on the design of the vehicle, including various testing that had been performed which purported to support her theory that the vehicle had an unreasonably dangerous propensity to rollover. The Alvarezes argued that the vehicle was defective and that Nissan knew that the vehicle was defective when it sold it. In response, Nissan presented its own expert witnesses and evidence that the vehicle did not have a design defect. The Alvarezes presented no evidence on the issue of negligent failure to warn. The Alvarezes confined their proof of negligence solely to the claim of a negligent design defect.
At the close of the trial, the trial court instructed the jury on both the negligence and strict liability claims. The negligence instruction was as follows:
The issue for your determination on the claim of negligence made by the plaintiff against the defendants is whether the defendants, Nissan, were negligent in the design, manufacture, assembly or distribution, and as to Vernon Scott Motors, the sale of the 1993 Nissan Pathfinder; and, if so, whether such negligence was a legal cause of any injuries sustained by the plaintiff.[1]
The strict liability instruction was as follows:
The issue for your determination on the plaintiffs’ claim of strict liability against the defendants, Nissan Motor Company, Limited, Nissan Motor Corporation, *6 United States of America, and Vernon Scott Motors, is whether the 1993 Nissan Pathfinder was, by reason of its design, in a condition unreasonably dangerous to the plaintiff; and the product was expected to, and did reach the user without substantial change affecting its condition.
The jury was then excused for deliberations. The verdict form required the jury to answer the following questions:
1. Did the Defendants, Nissan Motor Co., Ltd., Nissan Motor Corp. in U.S.A., and Vernon Scott Motors, place the Nissan Pathfinder on the market with a defect which was a legal cause of damage to the Plaintiff, Andrea Alvarez?
2. Was there negligence on the part of the Defendants Nissan Motor Co. Ltd. and Nissan Motor Corp. in U.S.A. which was a legal cause of damage to the Plaintiff, Andrea Alvarez?[2]
The form also required the jurors to set out the amount of damages awarded.
At the conclusion of these deliberations, the jury returned a verdict finding there was no design defect. However, the jury found that Nissan was negligent. In addition, the jury found that Andrea Alvarez was comparatively negligent and assigned fault as follows: Nissan 51%; Andrea Alvarez 49%. Andrea Alvarez was awarded total damages of $3,057,000 and her husband was awarded total damages of $415,000. The trial court entered a Final Judgment in accordance with the jury verdict.
Nissan argues that the jury’s verdict is inconsistent because under the evidence presented at trial, the jury could not have found Nissan liable for negligence while also specifically finding that there was no design defect. In response, the Alvarezes argue that the jury’s verdict was proper because there was sufficient evidence to find Nissan negligent for “failure to warn” which does not require a finding of a design defect. The trial court agreed with the Alvarezes. In the order denying Nissan’s post-trial motions, the trial court stated that it found that the Alvarezes presented sufficient evidence and argument to establish that Nissan was negligent, independent of the alleged defect. We disagree.
The Alvarezes’ Amended Complaint alleged causes of action for both strict liability and negligence. As part of the negligence claim, the Alvarezes specifically alleged that Nissan failed to give proper warnings. However, at trial, the record reflects that the Alvarezes abandoned the failure to warn claim and instead focused entirely on the claim of a design defect. If the only evidence of negligence that the Alvarezes presented at trial related to the design defect, then the jury could not have found Nissan liable for negligence while finding that the vehicle did not contain a design defect.
In Terex Corp. v. Bell, 689 So.2d 1122 (Fla. 5th DCA 1997), the plaintiff and his wife brought suit after he was injured operating a crane, which had been sold by the defendant. The jury found that the crane was not defective, but held the defendant 43% negligent. Id. On appeal, the fifth district reversed the verdict on the basis that it was inconsistent. Id. at 1123. The fifth district stated, “[bjecause the only evidence of negligence offered against appellant at trial related to its alleged negligent design and the jury found there was no design defect, there was no other evidence to sustain its verdict.” Id.; see also Anheuser-Busch, Inc. v. Lenz, 669 *7 So.2d 271 (Fla. 5th DCA 1996) (brewer was not liable for injuries suffered by restaurant employee when beer bottle exploded where jury specifically found no defect in bottle when it was placed on the market and there was no other evidence of negligence on the part of the brewer). The fifth district’s holding in Terex Corp. identifies the central issue in the instant case: whether there was evidence at trial on which the jury could find Nissan liable for the negligent “failure to warn” claim or whether the only evidence of negligence presented at trial related to the alleged design defect.
If there was sufficient evidence at trial from which the jury could find that Nissan was negligent in failing to warn, then the jury’s verdict was not necessarily inconsistent. This was the case in Perry v. Red Wing Shoe Co., 597 So.2d 821 (Fla. 3d DCA 1992). In Perry, the plaintiffs sued the defendant on both strict liability and negligence theories. Id. at 822. The jury returned a verdict in favor of the defendant on the strict liability count and specifically found that the product (a boot) contained no defect. Id. However, on the negligence count the jury found the defendant 47% negligent. Id. On appeal, the third district held that the jury’s verdict was not inconsistent because under the evidence presented at trial a jury could reasonably have determined that the defendant failed to warn prospective purchasers about the product and that the failure to warn was the proximate cause of the plaintiffs’ injuries. Id. at 823. Therefore, “the jury’s finding of negligence ... [wa]s not foreclosed by its rejection of the claim of strict liability.” Id.
A similar situation was addressed by this Court in Moorman v. American Safety Equipment, 594 So.2d 795 (Fla. 4th DCA 1992). In Moorman, the plaintiff sued a seatbelt manufacturer based on separate theories of strict liability and negligent failure to warn.. Id. at 796. “The jury found that no defect existed when the product left the manufacturer but also found that a later defect had developed for which the manufacturer was negligent in failing to warn.” Id. The trial court granted defendant’s post-trial motion for a new trial on the grounds that the verdict was inconsistent. Id. The plaintiff appealed the grant of a new trial. Id. On appeal, this Court first determined that the defendant waived its objection to the verdict by failing to object in the presence of the jury. Id. at 799. However, this Court went on to address the substantive issue and determined that the jury’s verdict was not inconsistent. Id. at 800-02. This Court focused on the jury instructions that the trial court had given. Id. at 797, 800. The trial court had instructed the jury to consider each of the plaintiffs claims separately' and had given the jury separate instructions on the strict liability claim and the negligence claim. Id. at 797. The instruction on the negligence claim stated:
The issues for your determination on the negligence claim of [Moorman] against [ASE] are whether [ASE] was negligent in manufacturing the seatbelt or in failing to warn of any defect in the seatbelt of which it was or should■ have been aware, and if so, whether such negligence was a legal cause of loss, injury or damage sustained by [Moorman],
Id. at 797. This Court reasoned that the jury instructions allowed the jury to find the defendant liable for failing to warn of a possible defect which appeared only much later through ordinary use. Id. at 800. Therefore, the jury’s verdict was not inconsistent. Id. at 802.
Nissan argues that the instant case is more similar to Terex and Anheuser-Busch because the record evidence cannot sustain a finding of negligent failure to *8 warn. Nissan makes two arguments in support of its appeal: 1) the Alvarezes presented insufficient evidence at trial to support their claim of a negligent failure to warn and 2) the jury was not instructed on the Alvarezes’ claim of failure to warn and therefore, the jury could not find Nissan liable on that basis. We agree.
The Alvarezes contend that Nissan waived its challenge to the jury’s verdict by failing to object before the jury was discharged. The general rule is that a party must object to an inconsistent verdict before the jury is discharged in order to preserve the claim. See generally Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985) (discussing the general rule’s applicability to correctable error). This procedure allows the jury an opportunity to correct the inconsistency. A party’s failure to seek jury reconsideration is often viewed as a conscious choice of strategy. See Moorman at 799; see also Adoro Mktg., Inc. v. Da Silva, 623 So.2d 542 (Fla. 3d DCA 1993) (discussing defense counsel’s decision not to ask for jury reconsideration despite raising verdict’s inconsistency when jury returned its verdict).
Nissan argues that it is entitled to a reversal, despite its failure to object, because the jury’s verdict was fundamentally insupportable. Nissan relies on North American Catamaran Racing Ass’n, Inc. (NACRA) v. McCollister, 480 So.2d 669, 671 (Fla. 5th DCA 1985), where the fifth district recognized an exception to the rule in instances where the inconsistency is of a fundamental nature. The facts of NACRA are similar to the instant case. The plaintiff brought claims for strict liability and negligence based on an alleged design defect in a boat. Id. at 671. The jury determined that the boat did not have a design defect, but found the defendant liable for negligence. Id. On appeal, the defendant argued that this verdict was inconsistent. Id. The fifth district agreed and stated that both claims (negligence and strict liability) were based on the alleged design defect. Id. Therefore, if there was no design defect, there was no independent basis for the jury to find the defendant negligent. Id. The plaintiff argued that the defendant had waived any objection to the verdict by failing to object before the jury was discharged. Id. The fifth district recognized the general rule, but made an exception. Id. The court stated as follows:
Here, however, the inconsistency is of a fundamental nature because the only evidence of negligence offered against NA-CRA at trial related to its alleged negligent design. But, the jury found that there was no design defect. And if that were true, there was no other evidence to sustain the jury’s verdict in this case.
Id. (citations omitted). The fifth district reversed the judgment and remanded for entry of judgment in the defendant’s favor. Id.
We agree with the reasoning of the fifth district that since there was no evidence of negligence other than negligent design, there can be no basis to sustain the jury’s verdict. We therefore reverse the Final Judgment and direct the trial court to enter a judgment for the defendants.
REVERSED AND REMANDED.
STEVENSON and GROSS, JJ., concur.

. The Alvarezes did not request a jury instruction on negligent failure to warn.

. The Alvarezes did not submit a verdict form asking the jury to answer a question directed to the negligent failure to warn of the design defect.