982 So.2d 758 (2008)
Robert LUCAS, Appellant,
v.
ORCHID ISLAND PROPERTIES, INC., Appellee.
No. 4D07-1494.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
Hinda Klein of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for appellant.
Temple Fett Kearns of Shutts & Bowen LLP, Fort Lauderdale, and David J. Markese and John H. Dannecker of Shutts & Bowen LLP, Orlando, for appellee.
STEVENSON, J.
In this appeal, Robert Lucas challenges an order granting the appellee's "Motion for Judgment in Accordance with Motion for Directed Verdict," arguing that the post-trial motion could not be utilized to cure the inconsistent jury verdict and that appellee failed to preserve its right to seek relief from the verdict when it objected to the verdict but failed to request that the case be resubmitted to the jurors. We disagree under the circumstances of this case and thus affirm the trial court's entry of judgment against Lucas.
Orchid Island Properties, Inc. ("OIP"), a developer, contracted with W.G. Mills, Inc. of Bradenton ("Mills") for the construction of a condominium project in Vero Beach. Sometime after the project was completed and turned over to the condominium owners associations, water intrusion and other related problems were discovered. The condominium owners associations brought suit against developer OIP, general contractor Mills, and a number of others.
Mills joined Lucas Waterproofing Company, Inc. ("LWC"), a subcontractor hired to complete the waterproofing and caulking systems, and its principal, Robert K. Lucas, as third-party defendants. The contracts between Mills and LWC contained an indemnity provision in favor of Mills. In lieu of posting a payment and performance bond and as a condition of the subcontract, Robert Lucas signed a "Guaranty *760 of Performance of Subcontract," wherein he "unconditionally guaranteed" LWC's performance of the contract. After several years of litigation, all claims, save Mills' claims against LWC and Lucas, had been resolved. As part of the settlement, Mills assigned its third-party claims against LWC and Lucas to OIP.
Following the assignment, OIP pursued breach of contract and common law and contractual indemnity claims against LWC and a claim for breach of the personal guaranty against Lucas individually. The claims were tried to a jury with both sides calling experts regarding who was responsible for the construction defects. During the trial, apart from insisting that LWC had properly performed its obligations under the contract, there was no attempt by Lucas to avoid the guaranty claim. In fact, during a bench conference addressing the verdict form and in closing arguments, counsel for Lucas conceded that if OIP were to prevail on its breach of contract claim against LWC, then it should also prevail on its guaranty claim against Lucas. Despite this, nothing in the verdict form or the jury instructions expressly advised the jury that a verdict in favor of OIP with respect to the breach of contract claim against LWC necessitated a verdict in favor of OIP with respect to the guaranty claim against Lucas.
In the interrogatory verdict, the jury found (1) that LWC had breached the subcontract, (2) that such breach was the legal cause of damage to OIP, and (3) that Lucas had not breached the guaranty. The verdict prompted the court to initiate a conference with counsel to address whether the verdict was inconsistent and, if so, the remedy. From the outset, OIP's counsel objected to the jury "go[ing] back and start[ing] from scratch" and insisted that the trial court should address the matter post-trial and simply direct a verdict in favor of OIP on the breach of guaranty claim. The trial judge expressed reservations as to whether the verdict was in fact an inconsistent verdict and also expressed reluctance to address the matter with the jury. In the end, and with counsel for both sides objecting to the matter being resubmitted, the judge determined it was not appropriate to send the jury back for further deliberations.
Within ten days of the return of the verdict, OIP filed a "Motion for Judgment in Accordance with Motion for Directed Verdict," arguing the verdict was contrary to the law and the evidence as Lucas's counsel argued in closing that if the jury found that LWC had breached the subcontract then it would follow that Lucas had breached the guaranty. Lucas insisted OIP's failure to request that the trial judge recharge the jury and resubmit the issue of his liability on the guaranty claim had resulted in a waiver of OIP's right to seek relief from the verdict. The trial court granted OIP's post-verdict motion and entered judgment on the guaranty claim in favor of OIP and against Robert Lucas.
In this appeal, there is no claim by the appellant that, as a matter of substantive law and the evidence presented at trial, the entry of judgment in favor of plaintiff OIP with respect to the guaranty claim was improper. Rather, Lucas argues (1) that the trial court could not accomplish this result via a post-verdict, post-trial motion and that the only way to remedy the inconsistent verdict was for the judge to resubmit the case to the jury and (2) that, since this remedy was not pursued by the plaintiff, and indeed was objected to, any error in the verdict (and right to the entry of judgment in its favor on the guaranty claim) was waived. We reject these arguments.
*761 There is no question that, generally, the appropriate, and required, mechanism for preserving a claimed inconsistency in a jury verdict is to object at trial. This way, should the trial court agree that the verdict is inconsistent, the case can be resubmitted and the jury afforded the opportunity to correct the inconsistency. See, e.g., Nissan Motor Co. v. Alvarez, 891 So.2d 4, 8 (Fla. 4th DCA 2004); Fla. Dep't of Transp. v. Stewart, 844 So.2d 773, 774 (Fla. 4th DCA 2003). And, there was such a timely objection in this case. Immediately upon the return of the verdict, the trial judge raised the issue of a possible inconsistent verdict. During the colloquy that followed, OIP's counsel did argue that the verdict was inconsistent.
It was counsel's position, though, that the matter need not, and should not, be resubmitted to the jury because (1) the jury had already made factual findings regarding whether LWC had breached the subcontract and thereby caused damage to OIP and (2) there was no factual finding to be made with respect to the guaranty claim against Lucas since, during the trial, Lucas himself had taken the position that the guaranty claim against him should follow the breach of contract claim against LWC. The trial judge ultimately agreed with this position and agreed that the matter could be addressed post-trial. We can find no error in this decision.
Williams v. Hines, 80 Fla. 690, 86 So. 695 (1920), and Nissan Motor Co. v. Alvarez, 891 So.2d 4 (Fla. 4th DCA 2004), are instructive. In Williams, a train passenger sued both the railroad and the railroad's employee, alleging that negligence on the part of the employee caused the plaintiff physical injury. The jury returned a verdict exonerating the employee, but imposing liability on the employer. No evidence of independent negligence on the part of the employer was alleged or proven; rather, any liability on its part necessarily had to have arisen from its vicarious liability for the actions of its employee. The defendant filed a motion for judgment notwithstanding the verdict, which was granted by the trial court. The granting of such relief was affirmed by our supreme court.
In Nissan Motor Co., following a rollover accident, the Alvarezes sued Nissan, alleging negligent design and failure to warn. The evidence presented by the Alvarezes at trial was directed solely to the negligent design theory. The jury returned a verdict finding both that there was no design defect and that Nissan was negligent. There was no objection to the verdict. Nissan filed a post-trial motion for judgment notwithstanding the verdict, judgment in accordance with motion for directed verdict, and new trial. The motion was denied and final judgment was entered in favor of the plaintiffs. This court reversed that judgment, rejecting the plaintiffs' claim that Nissan had waived the matter by failing to object to the inconsistent verdict prior to the discharge of the jury and accepting Nissan's claim that the verdict in favor of the plaintiffs was "fundamentally unsupportable" as there was no evidence of negligence apart from evidence concerning negligent design and the jury expressly found there was no negligent design.
In the instant case, Lucas stipulated that he had signed the agreement guaranteeing LWC's performance of the subcontract and there was no claim that the work performed by LWC was not within the scope of the guaranty nor any other attempt by Lucas to avoid liability under the guaranty. Further, in closing arguments, Lucas's counsel told the jury that if they were to find that OIP should prevail on its breach of contract claim against LWC, then OIP should also prevail on its guaranty *762 claim against Lucas. Consequently, once the jury found that LWC had breached the terms of its subcontract and that such breach caused OIP damage, there was no factual issue on the guaranty claim that remained for the jury to resolve and the question of whether OIP was entitled to judgment in its favor with respect to the guaranty claim against Lucas was a question of lawnot a question of fact. See Gulf Am. Land Corp. v. Wain, 166 So.2d 763 (Fla. 3d DCA 1964) (stating that once jury determined whether alleged acts had actually occurred, it was for court to determine as a matter of law whether such acts constituted breach of contract). Consequently, the trial court did not err in declining to resubmit the case to the jury or in affording OIP post-trial relief on this issue. Accordingly, the judgment appealed is affirmed.[1]
Affirmed.
STONE and TAYLOR, JJ., concur.
NOTES
[1] This case is distinguishable from Moorman v. American Safety Equipment, 594 So.2d 795 (Fla. 4th DCA 1992), where the court held that appellant's failure to request that the verdict form be re-submitted to the jury to correct an inconsistency could not be remedied on appeal via a fundamental error analysis. In Moorman, unlike the instant case, there was no objection to the inconsistent verdict prior to the jury's dismissal and the trial court and parties did not have the opportunity to consider all of the remedies at that time, including the resubmission of the verdict form to the jury or, where possible, correction by the court.