SCHWARTZ, Senior Judge,
(dissenting in part).
While I agree with the rest of the opinion, I disagree in two fundamental respects with the court’s treatment of the “inconsistent verdict” question. In my view:
a) The appellant waived the right to complain of any inconsistent verdict because of its failure to request that the conflict be resolved by the jury after its allegedly flawed verdict was returned.
b) Even if this were not so, the appropriate remedy is not, as the majority does, simply to resolve the conflict in favor of appellant but a new trial so that a jury and not the court may decide the question.
It is true, as the court says, that North American Catamaran Racing Ass’n, Inc. (NACRA) v. McCollister, 480 So.2d 669, 670 (Fla. 5th DCA 1985), and Nissan Motor Co., Ltd. v. Alvarez, 891 So.2d 4, 5 (Fla. 4th DCA 2004), are entirely on point, both as to the fact that verdicts returned by the jury were indeed irreconcilably inconsistent, which was correct, and in solving that *115 problem by disregarding the jury’s determination of liability in favor of its contrary conclusion that there was no product defect and entering judgment for the defendant on appeal, which was not.
I
In the first place, since the judgment on appeal is in favor of the plaintiff and thus in effect represented the trial judge’s resolution in favor of the plaintiff, it was incumbent upon the appellant as the loser to preserve the issue by objecting to the alleged inconsistency after the return of the verdict. MGM Grand Hotel, Inc. v. Siegel, 506 So.2d 451, 453-54 (Fla. 3d DCA 1987) (“[T]he complaining party must raise the objection at trial so that the jury may be given a chance in effect then to resolve the dispute, perhaps against that party.”)[3]; Cowart v. Kendall United Methodist Church, 476 So.2d 289, 290 (Fla. 3d DCA 1985) (“[A] defendant’s initial challenge on appeal to a verdict for the injured spouse on the ground of inconsistency with a no damage finding in the derivative claim is barred by the failure to assert that position when the verdicts were returned.”).
The majority discounts this contention by applying an “exception” to the waiver rule adopted in NACRA and Alvarez to the effect that it does not apply when a so called “fundamental” inconsistency arises, as it is said occurred when the jury found liability in the face of a non-existent product defect. The simple comeback is that there is no conceptual or reasoned basis for the distinction and no cognizable way to apply it.
Ironically enough, just this point was made by the Fourth District itself in Moorman v. American Safety Equipment, 594 So.2d 795, 800 (Fla. 4th DCA 1992), in which the same alleged inconsistency[4] occurred, the court said:
*116 In failing to object to the verdict in the presence of the jury, we conclude that ASE has waived this issue. It is quite basic that objections as to the form of the verdict or to inconsistent verdicts must be made while the jury is still available to correct them. In Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981), we held that errors of form or consistency must be raised on the spot, even though it might be to a party’s benefit to remain silent and later seek a new trial. See also Department of Transportation v. Denmark, 366 So.2d 476 (Fla. 4th DCA 1979), and Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973), to the same effect. In Robbins, Judge Stone explained that:
This principle is founded on the concept of fundamental fairness. Relitigation would deprive the appellants of their earned verdict and give the ap-pellees an unearned additional bite of the apple.
404 So.2d at 771. In addition to these reasons, we also suggest that the importance of the right to trial by jury implicates a strong deference to a jury’s decision, requiring that its verdict be sustained if at all possible. Moreover, the societal interest in furnishing only a single occasion for the trial of civil disputes would be entirely undone by the granting of second trials for reasons which could have been addressed at the first.
ASE counters that Robbins should not control because the inconsistency in this verdict is “fundamental”, citing North American Catamaran Racing Ass’n v. McCollister, 480 So.2d 669 (Fla. 5th DCA 1985), rev. denied, 492 So.2d 1333 (Fla.1986). There, the court excused a failure to make a contemporaneous objection by holding that the inconsistency was “fundamental”. 480 So.2d at 671. The Fifth District did not explain what it meant by “fundamental”, and no definition can be gleaned from the rest of its decision. Curiously, the court cites our Robbins decision for this proposition, but there is really nothing in it to support the citation. In fact the only place where the fundamental concept is even mentioned is in our observation that the issue did not involve “bias or prejudice on the part of the jury, nor does it involve issues of a constitutional or fundamental character.” Robbins, 404 So.2d at 771.
[[Image here]]
Here, there are compelling reasons not to excuse a previous failure to speak out when the original jury itself could have corrected the supposed error. They are found, as we have already said, in the sanctity of a jury verdict and society’s interest in avoiding repeat trials for the same dispute. Verdict inconsistencies which could have been corrected while the jury was still available are simply not important enough to bypass the ordinary finality attached to their decision.
Moorman, 594 So.2d at 799-800.[5]
I agree.
II
Even if the waiver point were not correct, it is simply wrong for the court either *117 here or in NACRA and Alvarez, to resolve the acknowledged inconsistency itself,[6] much less to do so in favor of the loser below, appellant here. The appropriate remedy instead is a new trial on the issue. As was specifically acknowledged in Siegel at 453:
There is no doubt-and MGM agrees - that, since the identical conduct was involved in both theories, MGM’s breach of contract could not be deemed the legal cause of the loss, as found in answer 1, and its gross negligence not the legal cause of the loss, as found in answer 4. As courts have often held in determining the effect of totally irreconcilable special verdicts, which are, as here, unaccompanied by a general one, no judgment for either side can properly be entered and the only solution is to require a new jury to decide whether the now-determined-to-be insufficient security was or was not a legal cause of the apparent theft. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Anderson, 501 So.2d 635, 637 (Fla. 1st DCA 1986); see also J. Moore & J. Lucas, Moore’s Federal Practice 49.03[4], at 49-32 (2d ed.1986); Guidry v. Kem Manufacturing Co., 598 F.2d 402 (5th Cir.1979), cert. denied, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980); Fugitt v. Jones, 549 F.2d 1001 (5th Cir.1977); Blue Chelan, Inc. v. Department of Labor and Industries, 101 Wash.2d 512, 681 P.2d 233 (1984); see also Froehlich v. West Palm Beach Water Co., 66 So.2d 596 (Fla.1953).
(Footnote omitted). See Grossman v. Greenberg, 619 So.2d 406, 409 (Fla. 3d DCA 1993) (“We remand for a new trial on the damages because we find the jury verdict inconsistent and the jury’s intent cannot be determined from the verdict.”); Mike Henry, Inc. v. Donaldson, 558 So.2d 1093, 1095 (Fla. 5th DCA 1990) (“These findings are fatally inconsistent under any view of the evidence. Clearly, either the jury misunderstood the evidence or the instructions or both, and the court should have granted the motion for new trial.”); Spitz v. Prudential-Bache Securities, Inc., 549 So.2d 777, 779 (Fla. 4th DCA 1989) (“A new trial is proper when a verdict appears to be inconsistent and the intent of the jury cannot be determined.”); see also Alvarez v. Rendon, 953 So.2d 702 (Fla. 5th DCA 2007) (concluding proper remedy for inconsistent jury verdict in breach of employment contract action by physician and counterclaim by employer was a new trial); Frank v. Wyatt, 869 So.2d 763, 764 (Fla. 1st DCA 2004) (“[B]ecause ... the verdict was legally inadequate and inconsistent, the trial court should have granted [defendant’s] motion for a new trial on damages.”); MSM Golf L.L.C. v. Newgent, 853 So.2d 1086, 1087 (Fla. 5th DCA 2003) (“As the verdict was patently inconsistent, either party was, as the trial court correctly observed, entitled to a new trial.”); Southland Corp. v. Crane, 699 So.2d 332, 334 (Fla. 5th DCA 1997) (finding “the verdict is clearly contradictory” and thus ... A new trial is required on all issues.”).

. In Siegel, 506 So.2d at 453-54, we stated that the judgment loser could not claim that the winner had waived the inconsistency point:
Although, as we have seen, MGM does not dispute the irreconcilable nature of the jury responses, it claims that the issue was "waived” by the fact that neither side objected to the inconsistency after the return of the verdict. We do not believe that MGM is in a position to make this claim. Unlike all the decisions cited, this is not a case in which the appellant claims that a verdict consistent with the judgment against it is inconsistent with another verdict in its favor; in that situation, the complaining party must raise the objection at trial so that the jury may be given a chance in effect then to resolve the dispute, perhaps against that party. Just the opposite is true here: the judgment against the appellant MGM is thoroughly sustainable and consistent if the gross negligence finding is put together with the legal causation determination in answer to question 1. Thus, if anyone were required to object to the inconsistency, it was MGM, and if anyone could challenge the failure to object, it was the Siegels. Far from doing so, however, the Siegels, by motion for new trial and cross-appeal, have specifically sought a new trial as to legal cause.
(Footnote and citations omitted).
Unlike the one in Siegel, the judgment winner-appellee has insisted on the waiver point. Under the law, I think we have no choice but to uphold it.

. The fact that in the Moorman court there actually was no inconsistency does not distract from the validity of the waiver holding. A decision based on two alternative holdings is stare decisis as to both. Clemons v. Flagler Hospital, Inc., 385 So.2d 1134, 1136 (Fla. 5th DCA 1980) ("(W)here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum.” quoting Woods v. Interstate Realty Co., 337 U.S. 535, 537, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949)); see Paterson v. Brafman, 530 So.2d 499, 501 n. 4 (Fla. 3d DCA 1988) (explaining the fact a holding was alternative does not detract from its authority); see also Parsons v. Federal Realty Corp., 105 Fla. 105, 143 So. 912, 920 (1931) ("Two or more questions properly arising in a case under the pleadings and proof may be determined, even though either one would *116 dispose of the entire case upon its merits, and neither holding is a dictum, so long as it is properly raised, considered, and determined.”); Carol City Utilities, Inc. v. Dade County, 183 So.2d 227, 231 (Fla. 3d DCA 1966) (same).

. I am at a loss to understand how or why the Fourth District in Alvarez, could entirely ignore this dispositive holding and adopt instead the reasoning of the holding of another court in NACRA which it, itself, had so severely (and correctly) criticized.

. Just as it was probably wrong for the trial judge to do so in favor of the plaintiff below. The difference in treatment is in the fact that, under our rules, the defendant, as the appellant has the burden to demonstrate and preserve error.